Harold R. Smith *et al. vs.* John F. Brock *et al.*

NOVEMBER 21, 1955.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is a bill in equity to enjoin the respondents as members of the city council of the city of Providence from considering and passing a proposed amendment to the zoning ordinance of that city. It was heard in the superior court on the respondents' demurrer and thereupon a decree was entered sustaining the demurrer and denying the bill. From that decree the complainants have prosecuted their appeal to this court on the ground that the decision of the trial justice is against the law.

The complainants in substance allege among other facts that they respectively own several lots of land located in a residential district under the zoning ordinance of the city of Providence; that these lots are near to or abut certain lots which are owned by another person and are also located in the same residential district; that a public hearing on a proposed amendment to the zoning ordinance was held before the ordinance committee of said city council, and as a result thereof the passage of the proposed ordinance was

recommended by that committee; that such proposal, if adopted, will amend the zoning ordinance so that the lots of said other owner will be located wholly within an industrial district; and that if such ordinance is passed complainants' residential property will thereby be reduced in value and cause irreparable injury to them.

It is further alleged that at the hearing before the ordinance committee complainants were given an opportunity to be heard in argument but were denied the right to have witnesses testify under oath and to cross-examine them; that therefore complainants were denied due process of law; and that the ordinance if passed will be invalid for failing to comply with certain provisions of the enabling act. Accordingly complainants pray that an injunction may issue to prevent respondents from considering and passing the proposed amended ordinance.

The respondents filed a demurrer to the bill of complaint on five stated grounds, but all of these are essentially based on the claim that the bill does not allege sufficient facts to constitute a proper cause for the intervention of equity by injunction as prayed for in the bill. The trial justice held in substance and effect that while there is great power in the equity court he ought not to assume that the city council would do an illegal act; that equity should always proceed with caution in such matters; and that except possibly in exceptional cases it should not interfere with the action of the city council when it was performing a purely legislative function in passing an ordinance. He further found that the pleadings here did not present any such exceptional case to warrant the action prayed for and therefore sustained the demurrer and denied and dismissed the bill.

The complainants contend that the trial justice was in error. They argue chiefly that the ordinance if passed would be void on the grounds that the hearing conducted by the committee on ordinances was improper in that it did not proceed in accordance with procedural requirements of the

enabling act; that such committee's recommendation should have been accompanied by an opinion and finding that the criteria required under the enabling act had been complied with and should have included a statement of the manner wherein such compliance was found; and that the proposed ordinance would beneficially affect only the owner of the land within the amended zone to the detriment of the neighboring property of complainants.

In our opinion the controlling issue is whether a court of equity should interfere *in advance* by restraining the respondent members of the city council from exercising their discretion in the performance of a purely legislative function. Contrary to complainants' contentions, the proceeding in question was not essentially an adverse judicial or *quasi* judicial action. It was purely a part of proposed legislative action on the part of the ordinance committee in preparation for the exercise by the city council of the specific jurisdiction granted to it by the enabling statute. Thereby some of the police powers of the state are expressly delegated to the city council in connection with zoning restrictions. Therefore there is no merit in complainants' arguments as to the hearing before the ordinance committee and their alleged right to have the committee require witnesses to give sworn testimony and to permit cross-examination. Consequently the denial of due process of law as alleged by complainants is nowhere involved. The hearing was merely to permit the committee on ordinances to become informed of pertinent facts in connection with a proposed legislative purpose and not to try and determine a judicial or *quasi* judicial issue.

The general rule governing intervention by equity is now well established, although its application to particular cases may sometimes result in differences more apparent than real. At any rate, in our opinion equity ordinarily will not, at the instance of a taxpayer, enjoin a purely legislative action or the proposed exercise of discretion by a mu-

nicipal legislative body within the scope of its authority, especially in a matter involving performance of a governmental function as distinguished from a mere ministerial or proprietary act. This rule stems not so much from precedents as from constitutional limitations and the separation of judicial and legislative power. *State ex rel. Rose* v. *Superior Court of Milwaukee County,* 105 Wis. 651; *Majestic Theater Co.* v. *City of Cedar Rapids,* 153 Iowa 219. 28 Am. Jur., Injunctions, pp. 366, 367; and cases cited.

While conceivably a case might arise to justify intervention, it is clear that it will be rare and must allege extraordinary circumstances. In such event, the pleadings must make it manifest that the proposed ordinance is *ultra vires* or clearly invalid, and that the passage thereof *by itself* will occasion immediate, substantial and irreparable injury to a property or civil right of the taxpayer without any reasonably adequate remedy by subsequent proceedings at law. See *McCarthy* v. *McAloon,* 79 R. I. 55. See also 28 Am. Jur., Injunctions, §§177, 178, 185, 186, and cases cited.

No case involving the issuance of an order restraining a legislative body from considering and passing a proposed ordinance amending an existing zoning ordinance has been cited by complainants and we have found none. The cases referred to in complainants' brief relate to conditions and issues which are so entirely different from those involved here that they require no discussion. In the circumstances we agree with the trial justice that the pleadings certainly do not present the type of rare and exceptional case which might justify the intervention in advance by a court of equity.

In this connection we note that in the absence of an appropriate statute this court refused to review by certiorari the claim of an allegedly aggrieved taxpayer that an ordinance had been enacted illegally because of a failure to comply with certain legal conditions precedent as provided in the general enabling act, general laws 1938, chapter 342.

See *R. I. Home Builders, Inc.* v. *Hunt*, 74 R. I. 255; *R. I. Home Builders, Inc.* v. *Budlong Rose Co.*, 77 R. I. 147.

Moreover in another case, *McCarthy* v. *McAloon, supra,* we decided in effect that the equity court should not enjoin the functioning of a legislative body of a municipality in matters coming within the scope of its general authority and discretion, unless in a very exceptional case where it was made clear in the pleadings and evidence that the passage of the proposed ordinance or resolution by itself would occasion immediate, substantial and irreparable injury to the individual's property or civil right.

In our opinion the same principle should be applied here for stronger reasons. In the instant cause the complainants as mere taxpayers have asked the equity court to issue an injunction, not to prevent action under an alleged illegal ordinance but to prevent *in advance* the consideration and passage of a proposed purely legislative enactment. See *R. I. Home Builders, Inc.* v. *Budlong Rose Co., supra.* Conceivably, as the trial justice stated, such ordinance if illegal might not be passed. Moreover, action in advance by injunction as prayed would entirely prevent the city council from exercising the legislative discretion and authority specifically granted to it by the enabling act, and in effect would also constitute the court as a superlegislative body to substitute its own determination for the council's legislative discretion.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

BAKER, J., did not participate in the decision.

*Aram K. Berberian,* for complainants.

*William E. McCabe, City Solicitor, Harry Goldstein, Ass't City Solicitor,* for respondents.