OPINION TO THE GOVERNOR.

DECEMBER 14 as of DECEMBER 12, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

REQUEST FOR AN OPINION BY GOVERNOR with respect to certain provisions of state retirement system and their applicability to members of general assembly. Questions answered in accordance with opinion.

December 12, 1960

To His Excellency, Christopher Del Sesto
    Governor of the State of Rhode Island
        and Providence Plantations

We have received from Your Excellency a request for our written opinion in accordance with the provisions of section 2 of article XII of amendments to the state constitution upon the following questions with reference to the proper construction of public laws 1960, chapter 20, in amendment of general laws 1956, chapter 36-10:

"(1) Is Chapter 20 of the Public Laws of 1960 applicable to former members of the General Assembly who have served in such capacity an aggregate of ten (10) years, who are inactive members of the State Retirement System and who have attained the age of sixty (60) years but who were not so serving as members of the General Assembly on March 25, 1960, the effective date of the act?

"(2) Will the provisions of Chapter 20 of the Public Laws of 1960 inure to the benefit of a former member of the General Assembly who is an inactive member of the State Retirement System and who has served an aggregate of ten (10) years in such capacity at such time as he shall attain his 60th birthday?"

You have also propounded for our construction two other questions with reference to P. L. 1960, chap. 42, in amendment of G. L. 1956, §36-9-11, as follows:

"(1) Is Chapter 42 of the Public Laws of 1960 applicable to former members of the General Assembly who were not serving as members of the general assembly on April 13, 1960, the effective date of this act?

"(2) If your answer to question No. 1 above is in the affirmative, do the liberalized pension provisions of said Chapter 20 inure to the benefit of those former members of the general assembly who elect to have their membership in the State Retirement System made retroactive in accordance with the provisions of said Chapter 42?"

We shall consider first the questions relating to the construction of P. L. 1960, chap. 20. To understand what the legislature intended by that amendment it is necessary to examine the act establishing the Retirement System, hereinafter called the system, with particular reference to the amendment thereto under which the benefits of the system were made available to members of the general assembly. The act was originally passed in 1936 for the benefit of state employees and expressly provided in chapter 2334, section 1, paragraph (2), that "under no circumstances shall * * * any member of the state senate or house of representatives, ex officio, be considered as such employees."

However, in 1947 the above section and paragraph were amended to permit such a member to become a member of the system provided he made application for memership on or before December 31, 1947 or within six months from the date on which he qualified for office, whichever date was later, and also provided a prior service credit covering his service before the date of becoming a member of the system. P. L. 1947, chap. 1971, secs. 1 and 5.

Any member of the senate or the house who availed himself of the benefits of the system thereupon became entitled to retirement upon complying with the requirements of G. L. 1956, §36-10-9(b). However, by virtue of P. L. 1960, chap. 20, sec. 2, now under consideration the following paragraph (c) was added to §36-10-9: "Every person who shall have served as a member of the senate or of the house of representatives or in combination of both the senate and the house of representatives for a period in the aggregate of ten (10) years, and having attained the age of sixty (60) years shall be entitled to receive a retirement allowance, as in section 36-10-10 provided, upon application therefor to the retirement board."

There was also added to §36-10-10 by sec. 3 of said chapter the following paragraph which in so far as it is pertinent hereto reads as follows: "Every person who shall have

served as a member of the senate or of the house of representatives as provided in paragraph (c) of section 36-10-9 shall be entitled to receive, upon retirement from service as a member of the general assembly and not otherwise regularly employed by the state of Rhode Island or any of its agencies, commissions or bureaus, the sum of one thousand dollars ($1000.) annually, and, in addition thereto, an annual sum of one hundred dollars ($100.) for each year of service as a member of the general assembly in excess of ten (10) years; provided, however, that no such person shall receive more than two thousand dollars ($2000.) annually * * * *."

As a result of such amendments a duly elected member of the general assembly who became a member of the system was afforded a substantial benefit for which he would not be charged the increased contribution of 10 per cent of his compensation provided he retired before July 1, 1960. Section 36-10-1, as amended by P. L. 1960, chap. 20. Unquestionably any duly elected member who retired during 1960 would be eligible to receive the increased retirement allowance without ever having paid the increased contribution. The question here is whether or not the general assembly intended to include therein other members of the senate and the house who had served more than ten years and were members of the system at the time they retired before the effective date of chapter 20.

Upon consideration we are of the opinion that it did, since the legislative language readily submits to that interpretation. "Every person who shall have served as a member of the senate or of the house of representatives" as it is expressed in §36-10-10, as amended by P. L. 1960, chap. 20, is language that must necessarily include former members of those bodies. If the legislature intended to limit the application of the amendment only to those who were serving at the time the amendatory act was approved it would not have used the above-quoted language which clearly

does not reasonably submit to so limited an application. The only qualification necessarily implicit in the legislative language is that the former member of either house must at the time of the passage of the act be a member of the system. We therefore answer question (1) in the affirmative.

We are also of the opinion that question (2) necessarily calls for a like answer. So long as the retired member of either house is an inactive member of the system although not sixty years of age at the date of the approval of the amendatory act he is clearly within the scope of its language as a member of either house in accordance with the language of added paragraph (c) of §36-10-9. The requirement therein of "having attained the age of sixty (60) years" relates only to the time at which as a member of the system he will become entitled to receive the specified allowances thereunder. In other words the above-quoted language cannot reasonably be construed as meaning only those who have *already* attained the age of sixty years. Rather it is to be construed prospectively as all those members of the system who, when they shall attain such age and are otherwise qualified, shall be entitled to receive the allowances specified in §36-10-10. We therefore answer question (2) in the affirmative.

We now come to the questions propounded with reference to P. L. 1960, chap. 42. This chapter amends G. L. 1956, §36-9-11. This provision was added to the retirement system act by P. L. 1951, chap. 2856, and was intended to enable a member of the general assembly who became a member of the system tardily to have his membership relate back to the beginning of his assembly membership provided he made application therefor and made the necessary contributory payments with compound interest at 4 per cent before December 31, 1951. Thereafter by P. L. 1952, chap. 2903, this provision was further amended to allow a "duly elected official of the state who previously rendered service

as a member of the general assembly, or as an elected official, or as a state employee" a like opportunity to make his membership in the system retroactive provided he made application to the board before December 31, 1952. As thus amended the provision appears in G. L. 1956, §36-9-11.

Public laws 1960, chap. 42, amends that provision by excluding therefrom all the new matter which was inserted by P. L. 1952, chap. 2903, as above quoted. It also inserted after the words "Any duly elected member" the new qualifying words "who previously rendered continuous service as a member of the general assembly * * *." In our opinion the effect of that insertion was to make it clear beyond peradventure of a doubt that only a member who was then serving and who had been in continuous service in the general assembly could make application for retroactive membership in the system covering such service and that such application must be made on or before December 31, 1961. Hence we answer question (1) in the negative.

In view of such answer question (2) does not arise.

FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
G. FREDERICK FROST