241 A.2d 286.
DONALD M. SENNOTT *vs.* RAYMOND H. HAWKSLEY, *General Treasurer, et al.*

APRIL 25, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This civil action was brought to enjoin the general treasurer, the state controller, the secretary of state, and the members of the public information committee of the constitutional convention from making any expenditure of funds appropriated for the conduct of the constitutional convention to publish and disseminate information relating to a proposed constitution to be submitted to the people in a referendum on April 16, 1968. The expenditures sought to be enjoined are purportedly authorized by two resolutions adopted by the constitutional convention on March 25, 1968. The superior court, after a hearing, granted injunctive relief as prayed, and from that judgment the respondents prosecuted an appeal to this court.[1]

In this court respondents raised the question whether the superior court has jurisdiction to enjoin an agency of the state at the suit of an individual taxpayer. There is a considerable conflict among the authorities as to whether a taxpayer, acting in his individual capacity, may maintain a suit to enjoin a state agency. We are not aware that this court has specifically passed upon the question up to now. It is clear, however, that courts in many jurisdictions uphold the right of a taxpayer, acting in his individual capacity, to maintain such a suit against a state agency. Others, however, upon considerations of public policy will not permit interference with state agencies by a taxpayer upon a mere showing that he will be affected in the same way and along with other taxpayers by an alleged invalid expenditure of state funds. See *Higgins* v. *Green*, 56 R. I. 330, 185 Atl. 686.

In deciding which of these views this court should follow, we would establish an important rule of law, a matter that

---

[1] This opinion follows the court's decision after oral argument on the merits on April 9, 1968.

should not be undertaken lightly. The time element alone that was involved here made us reluctant to consider the soundness of these conflicting views and to choose between them. It was clear that had we indulged in any extended consideration of the merits of the conflicting views, we would in all likelihood have so delayed a decision on the issues in this case that the basic question presented would have been rendered moot. In the light of these circumstances and because there was a substantial public interest in the adoption or rejection of a new constitution, we felt warranted, without first resolving the standing question, to determine whether, in enacting the pertinent resolutions, the constitutional convention acted within its authority.

We turn then to consider the convention's resolution purporting to authorize one of its standing committees to conduct a program of public education, which is identified as Resolution No. 49. This resolution provides that the public information committee be "* * * empowered to conduct a program for education of the public relative to the proposed constitution, and be it further resolved that said committee be authorized to expend for such purpose an amount not exceeding $25,000 (twenty-five thousand dollars) from any unexpended balance remaining in the fund appropriated for the expenses of the Constitutional Convention." It required little more than a casual perusal of the resolution to disclose that the convention was attempting to delegate to its public information committee its authority to expend $25,000 of the public funds that had been appropriated for general convention purposes. This was to be expended for a program of *education* without prescribing in the resolution any norms or standards pursuant to which the committee would make expenditures from that fund. In our opinion, whether the adoption of a resolution authorizing such a distribution of the convention's funds was within any power of the convention, conferred or implied, the vagueness of the resolution rendered it invalid.

There remained for our consideration the question of the validity of Resolution No. 51 of the constitutional convention. This resolution reads: "RESOLVED to request the Secretary of State to publish five (5) times at the expense of the Convention the comparison of the present constitution and the proposed constitution as prepared by the convention staff concurrently with the required publication of the proposed constitution." The resolution requested the secretary of state to publish, at the convention's expense, a comparison prepared by its staff of the present and proposed constitutions. It is to be noted that the constitutional convention was called by the people pursuant to the provisions of P. L. 1963, chap. 211, which invited the people to vote upon a proposition to elect delegates to assemble for the purpose of proposing a new constitution. In sec. 6 thereof the secretary of state is directed to "* * * cause to be advertised copies of the revised, altered, or new constitution * * * at least five (5) times prior to the special election specified in section 8 hereof, in all daily newspapers published in Rhode Island."

We were of the opinion that the request contemplated that an analysis or comparison of the provisions of the proposed constitution and those of the old constitution prepared by its staff be published in a manner and form consistent with the provisions of sec. 6, that is, "* * * in all daily newspapers published in Rhode Island." The analysis or comparison that was the subject matter of this request was in the record and marked as Exhibit 1, and an examination thereof disclosed its relevance to the material that the secretary of state was required to publish in sec. 6, clearly being supplemental thereto. Had we conceded, however, that the provisions of sec. 6 did not confer specific authority on the convention to allocate a portion of its funds to the publication of Exhibit 1, we would nevertheless have been compelled to conclude that such authority was within the implied powers of a constitutional convention composed

of representatives of the people charged with the duty of preparing a constitution for submission to the electorate. We held then that the trial justice erred when he enjoined the secretary of state from compliance with the request set out in Resolution No. 51 and enjoined the public information committee of the convention from expending from its funds the reasonable costs of publishing Exhibit 1 as requested.

Judgment is affirmed as to Resolution No. 49 and is reversed as to the publication of Exhibit 1 pursuant to Resolution No. 51.

*Guy J. Wells,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Charles G. Edwards,* Assistant Attorney General, *Maurice W. Hendel,* for respondents.