405 A.2d 1178.

Kathleen A. Berberian *vs.* Anthony J. Solomon.

AUGUST 27, 1979

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.  The plaintiff brought this action in the Superior Court to enjoin the general treasurer from making further payments of state funds to retired members of the Rhode Island Legislature who are currently receiving benefits through a pension system[1] which the plaintiff claims is in violation of specific limitations placed on legislators' compensation set forth in art. XI, §1 of amendments to the Rhode Island Constitution.[2] After memoranda of law were submitted by both parties, the trial justice granted the defendant's motion to dismiss pursuant to Super. R. Civ. P. 12(b)(6) on the basis that the complaint failed to set forth facts from which he could determine that the plaintiff had standing to bring the action. The plaintiff is before us on appeal from the judgment entered on April 17, 1978.

A plaintiff satisfies the requirement of standing if he can show an "injury in fact" resulting from the challenged statute. *Rhode Island Ophthalmological Society* v. *Cannon,* 113 R.I. 16, 317 A.2d 124 (1974). Although recent United States Supreme Court decisions have liberalized standing requirments to the point of allowing certain suits to protect the public interest, the Court still insists that the representative allege his personal stake in the controversy—his own injury in fact—before he will have standing to assert the broader claims of the public at large. *United States* v.

---

[1] In her brief, the plaintiff specifically challenges the constitutionality of G.L. 1956 (1969 Reenactment) §36-10-9(c), as amended by P.L. 1966, ch. 286, §1. Section 36-10-2, as amended by P.L. 1967, ch. 127, §1, however, provides for the appropriations to which the plaintiff objects. We will therefore consider that a challenge is made to this section as well.

[2] Art. XI, §1 reads in relevant part as follows:
"The senators and representatives shall severally receive the sum of five dollars and the speaker of the house of representatives ten dollars for every day of actual attendance and eight cents per mile for traveling expenses in going to and returning from the general assembly; provided that no compensation or mileage shall be allowed any senator or representative for more than sixty days attendance in any calendar year. The general assembly shall regulate the compensation of the governor and of all other officers, subject to the limitations contained in the Constitution."

*Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 93 S. Ct. 2405, 37 L. Ed. 2d 254 (1973); *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973); *Doe* v. *Bolton*, 410 U.S. 179, 93 S. Ct. 739, 35 L. Ed. 2d 201 (1973); *Sierra Club* v. *Morton*, 405 U.S. 727, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972); *Eisenstadt* v. *Baird*, 405 U.S. 438, 92 S. Ct. 1029, 31 L. Ed. 2d 349 (1972).

The authorities are in conflict about the type of "injury in fact" which a taxpayer acting in his individual capacity must allege in order to maintain a suit to enjoin a state agency. *Sennott* v. *Hawksley*, 103 R.I. 730, 241 A.2d 286 (1968). We have not, up to now, specifically passed on this question. Some jurisdictions, upon consideration of public policy, require that a taxpayer must show an injury distinct from that of the public in general in order to maintain such a suit. *Citizens Committee* v. *County Commissioners*, 233 Md. 398, 401, 197 A.2d 108, 110 (1964); *Bonnet* v. *State*, 141 N.J. Super. 177, 199, 357 A.2d 772, 784 (1976), *aff'd* 155 N.J. Super. 520, 382 A.2d 1175 (1978). We have taken this view with regard to suits brought by taxpayers to restrain government action at the municipal level. *Smith* v. *Brock*, 83 R.I. 432, 118 A.2d 336 (1955). The rationale of this position is succintly stated in *McCarthy* v. *McAloon*, 79 R.I. 55, 83 A.2d 75 (1951):

> "In this state it was long ago settled that 'Suits for the public should be placed in public and responsible hands.' *O'Brien* v. *Board of Aldermen*, 18 R.I. 113, 116. The public officer vested with that authority is the attorney general of the state. Only he may sue to redress a purely public wrong except in those instances where one of the public who is injured has a distinct personal legal interest different from that of the public at large * * *." *Id.* at 62, 83 A.2d at 78.

Some jurisdictions will allow a suit by a taxpayer without a showing of special injury. *Boryszewski* v. *Brydges*, 37 N.Y.2d 361, 334 N.E.2d 579, 372 N.Y.S. 2d 623 (1975).

We need not decide today which rule we shall adopt in respect to state expenditures in view of the fact that the allegations in the complaint are insufficient to' satisfy the minimum requirements of standing under either rule. The complaint not only is devoid of any statements concerning an "injury in fact" which plaintiff will suffer as a result of the challenged statute, but it also fails to assert the most rudimentary allegation that plaintiff is a Rhode Island taxpayer.

On appeal from the granting of a 12(b)(6) motion, we will not affirm the judgment below unless it appears beyond a reasonable doubt that under any conceivable set of facts which might be proven in support of claims alleged, plaintiff will not be entitled to relief. *Dutson* v. *Nationwide Mutual Insurance Co.*, 119 R.I. 801, 802, 383 A.2d 597 (1978); *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967). We shall apply the same criteria to allegations of standing just as we would to any other allegation in the complaint. *Rosen* v. *Restrepo*, 119 R.I. 398, 380 A.2d 960 (1977); *see Rhode Island Ophthalmological Society* v. *Canon, supra.* In the absence of any allegations concerning standing, we are not at liberty to presume standing. This court, like the Supreme Court, requires a complaint to contain specific statements from which standing may be inferred.

Although in a relatively few instances we have resolved reservations about standing in order to assume jurisdiction because of serious substantive questions of immediate and compelling public interest, we have generally observed the rule that a justiciable controversy between the parties is basic to the court's assumption of jurisdiction. *Lamb* v. *Perry*, 101 R.I. 538, 225 A.2d 521 (1967). An example of this exception to the general rule is found in *Sennott* v. *Hawksley, supra,* where we presumed standing when an action was brought to restrain the expenditure of funds appropriated for the conduct of a state constitutional convention due to the

urgency and immediacy of the issue presented.[3] In the case at bar, however, wherein the statute under consideration has been in existence since 1960,[4] we are not confronted with an issue which has to be determined on the basis of the immediate urgency of the situation. *Citizens Committee* v. *County Commissioners, supra,* 233 Md. at 403, 197 A.2d at 110-11. Therefore, in the absence of any allegations to satisfy the requirements of standing, the trial justice was correct in dismissing the complaint.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Aram K. Berberian,* for plaintiff.

*Dennis J. Roberts II,* Attorney General, *Richard B. Woolley,* Special Assistant Attorney General, for defendant.

---

[3]It should be noted, however, that in *Sennott* v. *Hawksley,* 103 R.I. 730, 241 A.2d 286 (1968), there was at least an allegation that the plaintiff was a taxpayer. This allegation under ordinary circumstances would not necessarily be conclusive upon the issue of standing.

[4]P.L. 1960, ch. 20, §2; *see In re Opinion to the Governor,* 92 R.I. 46, 166 A.2d 224 (1960).