DECISION
Before this Court is the defendants' motion to dismiss and the defendants' motion to accelerate hearing on the merits with the plaintiffs' motion for preliminary injunction pursuant to Rule 65 of the Rhode Island Superior Court Rules of Civil Procedure. While the Court is dismissing this action pursuant to Rule 12(b)(6) of the Super. Ct. R. of Civ. P., it notes that this is the first case in Rhode Island applying the recent United States Supreme Court case of Bogan v. Scott-Harris, No. 96-1569, 1998 WL 85313 (U.S.Mass.) decided on March 3, 1998, which granted immunity from liability to town and city legislators and appointed officials when they are engaged in legislative activities.
 Facts/ Travel
In 1991, the Rhode Island General Assembly enacted the Rhode Island Zoning Enabling Act of 1991, G.L. § 42-24-27, et seq., which required that each city and town bring its zoning ordinances into full compliance with the Zoning Enabling Act and the Comprehensive Plan adopted by the City or Town pursuant to § 45-22.2-1.
In January 1992, the Town of Charlestown ("Town" or "Charlestown") adopted its Comprehensive Plan. The Comprehensive Plan set forth guidelines and goals for the implementation of new zoning ordinances. In an effort to implement said guidelines and goals, the Town Council designated a Zoning Ordinance Committee ("ZOC") to draft a proposed zoning ordinance in accord with applicable law.
The Planning Commission was then responsible for reviewing the proposed zoning ordinance, suggesting recommendations, and then certifying the ordinance as consistent with the Zoning Enabling Act and Comprehensive Plan. The certified proposed zoning ordinance would then be presented to the Town Council for consideration.
The plaintiffs, real property owners in the Town of Charlestown and/or former members of the Town Council, Zoning Board of Review, or members of the Zoning Ordinance Revision Committee, allege that the members of the Planning Commission ignored the established procedures and made alterations that were inconsistent with the Zoning Enabling Act and Comprehensive Plan. Notwithstanding the inconsistencies in the proposed zoning ordinance alleged by the plaintiffs, in October 1995 the Planning Board certified that the zoning ordinance was consistent with the Comprehensive Plan and presented it to the Town Council for adoption.
On February 12, 1996 the Town Council rejected the proposed zoning ordinances and thereafter designated a Zoning Ordinance Revision Committee ("ZORC") to draft a new zoning ordinance consistent with the Comprehensive Plan.
In October 1996, the Town Administrator and Town Planner announced that ZORC no longer had authority but that the Town Planner and Planning Commission were deliberating on another draft zoning ordinance. The plaintiffs allege that there was no open and public deliberation before deciding that the committee would be discontinued and that the present role of the Town Planner and Planning Commission is in violation of the procedures mandated by the Zoning Enabling Act and the Comprehensive Plan. The Town has yet to adopt a zoning ordinance in compliance with the Act.
In Count I of their complaint, the plaintiffs seek a declaratory judgment to determine the validity of the prior zoning ordinance draft and the certification by the Planning Commission of the draft. The plaintiffs also seek a declaratory determination that the acts presently undertaken by the Planning Commission are in violation of the Zoning Enabling Act and the Comprehensive Plan, and to declare that the Town of Charlestown is required to adopt a zoning ordinance that is consistent with the Comprehensive Plan and the Zoning Enabling Act.
The plaintiffs also allege in Count II of their complaint that they have been deprived of their substantive and due process rights under 42 U.S.C. § 1983 because the defendants attempted to adopt a zoning ordinance in contravention of the Comprehensive Plan, the Zoning Enabling Act, and the Rhode Island Open Meetings Act. As a result, the plaintiffs request that the Court enter judgment enjoining the members of the Planning Commission and Town Planner from participating in any future proposed zoning ordinance, and further ask the Court in Count III to enjoin such defendants from presenting all or certain portions of the previous draft zoning ordinance.
Finally, the plaintiffs request a writ of mandamus in Count IV to compel the Town of Charlestown to immediately adopt specific deadlines and procedures to ensure that its zoning ordinance is in compliance and consistent with the Zoning Enabling Act and Comprehensive Plan.
The defendants contend that the plaintiffs' claims should be dismissed on several grounds. First the Town avers that the plaintiffs fail to state a claim upon which relief may be granted. Specifically, the defendants seek to apply the recent United States Supreme Court case of Bogan v. Scott-Harris, which held that local legislators as well as other non-elected officials are entitled to immunity from civil liability for their legislative activities. No. 96-1569, 1998 WL 85313 (U.S.Mass.) The defendants also allege that the matter before the Court is not ripe for determination because there has been no final approval of the ordinance but merely an attempt to attack a proposed and defeated draft.
In response, the plaintiffs aver that pursuant to the Rhode Island Zoning Enabling Act, the plaintiffs constitute "aggrieved parties" and may institute a challenge. The plaintiffs also argue that the matter is ripe for a determination of their rights because the Town cannot effectively amend the Charlestown Zoning Ordinances if certain procedures are ignored. Additionally the plaintiffs claim that the statutory guidelines are "crystal clear" and the final remedy would be inadequate and as a result they need not exhaust their administrative remedies. With regard to Bogan, the plaintiffs maintain that the Town Planner and Planning Commission members did not engage in "legislative acts" that would entitle them to absolute immunity.
The defendants next assert that the plaintiffs' claims for violation of the Open Meetings Act should also be dismissed because the plaintiffs have failed to state the date at which an alleged violation occurred and may have missed the requisite applicable time period for filing a complaint. Plaintiffs aver that there are several uncontested facts that indicate a pattern of decision making that has been outside the public process which do not toll the applicable time period.
The defendants also maintain that the plaintiffs are estopped from asserting their claims because they were involved in the original creation of ZORC and were aware of its duties and duration and cannot now challenge its discontinuance because they failed to adhere to its goals.
The next assertion by the defendants is that the plaintiffs have failed to join the two indispensable alternate members of the Planning Commission in their complaint. The defendants assert that in order for the Court to effect any remedy, the alternate members must be subject to the Court's jurisdiction and joined in the complaint.
As a result, the defendants aver that the matter should be dismissed based on the above reasoning and because the declaratory and injunctive relief sought by the plaintiffs is inappropriate and improper. The parties have requested a hearing and oral argument on this matter, yet after a thorough review of the memoranda submitted by both parties, it appears that none of the material facts are in dispute, leaving only issues of law to be considered. As a result, the Court makes its decision based on the pleadings and memoranda previously submitted without the need for oral argument. Although various supplemental materials in conjunction with memoranda were submitted by the parties, the Court did not refer to supplemental materials outside the pleadings in its determination and therefore treats this matter as a motion to dismiss.
 Motion to Dismiss
A motion to dismiss for failure to state a claim upon which relief may be granted is governed by Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. It is well settled that a complaint should not be dismissed unless it is clear beyond a reasonable doubt that the plaintiff is not entitled to relief no matter what set of facts might be proved in support of the claim.Berberian v. Solomon, 122 R.I. 259, 405 A.2d 1178, 1180 (1979);Redmond v. Rhode Island Hospital Trust, 120 R.I. 182,386 A.2d 1090, 1092 (R.I. 1978). In ruling on a motion to dismiss, the trial justice must look no further than the complaint, assuming the truth of all the allegations therein and resolving any doubts in plaintiff's favor. Thompson v. Thompson, 495 A.2d 678, 680 (R.I. 1985); ERI Max Entertainment v. Streisand, 690 A.2d 1351, 1353 (R.I. 1997).
 Attempted Enactment of the Zoning Ordinance
Pursuant to § 45-24-34 the General Assembly directed zoning enabling authorities in cities and towns to enact zoning ordinances that were consistent with the comprehensive plan promulgated by their local legislative bodies. See also G.L. § 45-24-29(b); § 45-22.2-1 et seq. In an effort to assist the city or town council in its adoption, § 45-24-52
authorizes the local planning board or commission to make findings and recommendations to the city or town with respect to a proposal for adoption, amendment or repeal of a zoning ordinance.[1] Sections 45-24-50 and 45-24-51 of the General Laws then impart upon the city or town council the power to adopt, amend, repeal, "and to provide for the administration, interpretation, and enforcement of, a zoning ordinance" and the procedure for such adoption or amendment.
The plaintiffs aver that they have standing because they constitute an "aggrieved party" pursuant to § 45-24-31(4). An aggrieved party is defined as "any person or persons . . . who can demonstrate that their property will be injured by a decision of any officer or agency responsible for administering the zoning ordinance of a city or town; or anyone requiring notice pursuant to this chapter." Id. However, the provisions for appeal of a zoning ordinance, such as in this case, require that the zoning ordinance is enacted first and then an appeal may be taken "within 30 days after the enactment or amendment has become effective." G.L. § 45-24-71(A); see also § 45-24-63. Any aggrieved party may then set forth in its complaint "the area or areas in which the enactment or amendment does not conform with the comprehensive plan . . . ." G.L. § 45-24-71(B).
"There is no doubt that the Superior Court may invoke its equity jurisdiction when an attack centers on the legality of an enacted amendment to a zoning ordinance." Consolidated RealtyCorp. v. Town Council, 513 A.2d 1 (R.I. 1986). Yet in the present matter the plaintiffs take issue with the actions of the planning board with regard to a proposed zoning ordinance that was subsequently defeated by the Town Council and never enacted.[2]
The Town Council, the party responsible for administering the zoning ordinance, denied the proposal with which the plaintiffs take issue. As a result, the plaintiffs attempt to seek redress against the defendants for attempting to pass a proposed ordinance that was never adopted, but that is required to be adopted before instituting a cause of action pursuant to §45-24-71(A). This is nothing more than trying to turn a horse chestnut into a chestnut horse. Moreover, § 45-24-51
specifically provides the means by which the plaintiffs and other citizens of the town can express their objections to any proposed ordinance by the Planning Board by attending the public hearing(s) before the Town Council prior to its adoption.
In addressing the plaintiffs' assertion that standing can be overlooked in matters involving substantial public interest, the Court notes that the cases cited by plaintiffs usually involve a limited opportunity to be heard regarding rare matters affecting broad matters of public interest. Providence Retirement Bd. v.Providence, 660 A.2d 721, 726 (R.I. 1995); Burns v. Sundlun,617 A.2d 114. 116 (R.I. 1992). Such a rare case does not exist here where the plaintiffs, as well as other citizens in the Town have the opportunity to be heard at a public meeting involving the adoption of the amendment and incidentally, have been successful.
Furthermore, the plaintiffs' contention that they are not required to exhaust their administrative remedies is without merit on two grounds. First, the plaintiffs object to the Planning Board's recommendations regarding a proposed zoning ordinance and not a "preliminary, procedural, or intermediate agency act or ruling" by the Town Council, and second, there is no indication that review of a final agency decision pursuant to G.L. § 45-24-71 would not provide an adequate remedy. Seealso § 42-35-15(a).
In light of the above reasoning, this Court finds that the plaintiffs would not be entitled to relief at this time irrespective of what particular facts could be proven because this issue is not ripe for review. To hold otherwise would unduly and prematurely interfere with the legislative and political processes which this Court is not inclined to do.
For these same reasons, the Court finds that a writ of mandamus compelling the Planning Board or the Town Council to institute certain procedural guidelines would be inappropriate and premature. "A broad latitude is given to legislative bodies such as the Town Council in their legislative determinations, and it is not the province of the courts to monitor the inputs into each legislative decision." Smithfield Concerned Citizens forFair Zoning, et al. v. Smithfield, 907 F.2d 239, 245 (1st. Cir. 1990). The applicable sections of the General Laws set forth guidelines and procedures for the adoption, repeal, and amendment of zoning ordinances and mandate that they be consistent with the Comprehensive Plan. § 45-24-27 et seq. This Court declines to direct the members of the Planning Board and the Town Council to perform their duties in accordance with the law as they are already required to do.[3] As stated previously, the plaintiffs may express their concerns regarding a proposed zoning ordinance at a public hearing or may further demonstrate their dissatisfaction with the defendants' alleged acts at the ballot box.[4]
 Open Meetings Violation
Ancillary to their allegations, the plaintiffs generally contend that there has been a violation of the Open Meetings Law based on an alleged pattern of decision making that has been outside of the public process.
Pursuant to § 42-46-8, a party that is aggrieved as a result of a violation of the Open Meetings Act must either file complaint with the Attorney General within 90 days from the public action revealing the alleged violation, or alternatively, file a private complaint in Superior Court within 180 days or 90 days after the Attorney General has declined to take action. The plaintiffs have not stated the dates of any alleged violation to determine whether the Court has jurisdiction to hear the plaintiffs' complaints. The Court therefore declines jurisdiction at this time.
 Due Process Claims under 42 U.S.C. § 1983
Additionally, the Court is further compelled to dismiss the plaintiffs' claims for deprivation of substantive and procedural due process rights under 42 U.S.C. § 1983 based on the United States Supreme Court's recent ruling in Bogan v. Scott-Harris. No. 96-1569, 1998 WL 85313 (U.S. Mass); see also Smithfield, 907 F.2d at 245 (holding that due process does not require a legislative body to perform any particular studies or prepare any particular analysis to justify its decisions"). In Bogan, which involved the adoption of an ordinance by a City Council, the Court expressly held that local legislators are absolutely immune for their legislative acts.
The plaintiffs contend that the defendants named in their individual capacities are members of the Planning Commission and the Town Planner and do not constitute legislators. However, the Supreme Court noted in Bogan that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." 1998 WL 85313 at 7. The Supreme Court of the United States in granting such immunity made no distinction as to whether the action was based on 42 U.S.C. § 1983
or any state action, or whether defendants were made parties in their individual or official capacities. Id. The exemption is total and complete as long as such officials are performing legislative actions.
In determining whether an action is legislative depends on "the nature of the act rather than on the motive or intent of the official performing it." Id. Considerations include whether the acts were integral steps in the legislative process, whether they reflected discretionary, policymaking decisions, whether the acts constituted decisions that would have prospective implications, and lastly if the actions occurred in an arena where legislators traditionally have power to act. Id.
As discussed previously, pursuant to § 45-24-51 the Town Council is directed to designate an agency or officer to receive a proposal for adoption, amendment or repeal of a zoning ordinance. Such agency shall then refer the proposal to the Town Council and to the Planning Board for study and recommendation. The Planning Board is then directed to make findings and recommendations to the Town Council regarding the proposal. Id.
It is well settled that actions taken by a city or town council involving the amendment or repeal of a zoning ordinance are "purely legislative" and this Court can discern no difference with regard to the adoption or proposal of such ordinances by a Town Council or considered by a Planning Board. Mesolella v. Cityof Providence, 508 A.2d 661, 672 (R.I. 1986); Consolidated RealtyCorp. v. Town Council, 513 A.2d 1, 2 (R.I. 1986), see also, LakeCountry Estates, Inc. v. Tahoe Regional Planning Agency,440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979)(holding that a regional planning agency was the equivalent of a local legislator particularly in light of its regulation of land use and thus was extended absolute immunity.) Consequently the Planning Board in making its recommendations and findings, and the Town Council in considering those recommendations, are acting in a legislative capacity and performing legislative functions.
In light of the considerations addressed above, this Court finds that absolute immunity for its legislative actions would extend to the Town Council members named in their official capacities as well as the defendant members of the Planning Board and Town Planner named in their individual capacities.
Even assuming if this Court were to consider matters outside of the pleadings and decide this matter under a Rule 56(b) motion for summary judgment, the Court would arrive at the same conclusion. Both parties generally agree to the chronology of events involving the presentment and rejection of the drafts to the Town Council and the material facts pertinent thereto. Because of the absolute immunity granted in Bogan discussedsupra, and the lack of ripeness of this controversy for judicial determination, the Court would grant summary judgment on behalf of the defendants as a matter of law.
Notwithstanding this Court's decision, the plaintiffs are reminded that they are able to assert any concerns with a new proposed ordinance at a public hearing prior to the adoption by the Town Council, or by educating members of the Town Council members through petitions or other means. The plaintiffs, as well as other citizens are Charlestown are also provided an avenue of redress through an appeal to Superior Court after the enactment of the zoning ordinance pursuant to § 45-24-71 and may certainly demonstrate their discontent at the next election.[5]
The Court need not address the defendants' assertions regarding the failure of the plaintiffs to join indispensable parties, or the defendants' equitable estoppel assertion at this time in consideration of the above reasoning. The defendants' request for attorney's fees is denied.
Counsel shall prepare an appropriate order for entry in accordance with this decision.
[1] Section 45-24-52 further requires that the planning board "(a) include a statement on the general consistency of the proposal with the comprehensive plan of the city or town . . . (b) include a demonstration of recognition and consideration of each of the applicable purposes of zoning as presented in45-24-30."
[2] "There is no keeping men silent when they feel they are wronged by their friends." — Abraham Lincoln, Letter to William B. Preston, April 20, 1849.
[3] "The interference of outsiders generally does more harm that good. It breeds confusion, and with it, delays and neglect." — Abraham Lincoln, Letter to William M. Cooper, July 23, 1863.
[4] "I do not deny the possibility that the people may err in an election; but if they do, the true remedy is in the next election." — Abraham Lincoln, Fragment of Speech intended for Kentuckians, February 1861.
[5] "By the frame of the government under which we live, this same people have wisely given their public servants but little power for mischief; and have, with equal wisdom, provided for the return of that little to their own hands at very short intervals." — Abraham Lincoln, First Inaugural Address, March 4, 1861.