**Supreme Court**

No. 2017-125-Appeal.
(WC 16-550)

Christopher Warfel et al.               :

              v.                        :

Town of New Shoreham.                   :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Christopher Warfel et al.          :

v.                                 :

Town of New Shoreham.              :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**   The plaintiffs—certain New Shoreham residents, taxpayers, and Block Island Power Company (BIPCO) ratepayers—appeal a Washington County Superior Court hearing justice's decision to grant the motion to dismiss of the defendant, the Town of New Shoreham (the town).  This matter came before the Supreme Court on February 15, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the arguments set forth in the parties' memoranda and at oral argument, we are convinced that cause has not been shown.  Thus, further argument or briefing is not required to decide this matter.  For the reasons outlined below, the Superior Court's judgment is affirmed.

## I

## Facts and Travel

This case derives from a dispute between the New Shoreham town council and plaintiffs.[1] On June 6, 2016, the town council held a meeting to consider the prospective purchase of two-thirds of the shares of BIPCO for $1.8 million.  Three members of the town council voted in

---

[1] We recite these facts as they appear in plaintiffs' complaint.

favor of authorizing the execution of the Stock Purchase Agreement (the agreement). However, two members dissented.

Nevertheless, in early July 2016,[2] the town executed the agreement memorializing the sale. Thereafter, on July 16, 2016, counsel for the town wrote to the Division of Public Utilities and Carriers (the division) requesting an opinion from the division as to whether any approvals were required by the division before the town could purchase a majority share of stock in BIPCO. The division responded on July 22, 2016, informing counsel that the division's approval was not required because the transaction was not between public utilities and, further, the division declined to exercise its discretionary authority to review the transaction. Three months later, during a September 26, 2016 financial town meeting, voters authorized the town treasurer to issue the funds in consideration of the stock.

Discontented with the outcome of the financial meeting, especially as it pertained to environmental concerns, on October 18, 2016, plaintiffs filed a motion in the Superior Court seeking to enjoin the closing of the stock sale. Subsequent to that filing, on October 24, 2016, plaintiffs filed a complaint in which they enumerated three grievances against the town: (1) the town's actions were *ultra vires*; (2) the agreement was voidable by operation of law; and (3) equitable estoppel should be applied. In their complaint, plaintiffs requested that the Superior Court "enjoin[] the closing of the transaction," as well as "any other such relief [the court saw] fit to grant, until such time as a full, independent, public hearing can be conducted by the Public Utilities Commission pursuant to RIGL 39-1-38[.]"

Shortly after plaintiffs filed their complaint, the town moved to dismiss. The town presented myriad reasons to support its contention that plaintiffs' claims should be dismissed:

---

[2] The exact date of the agreement's execution is unclear.

2

(1) under Rule 12(b)(1) of the Superior Court Rules of Civil Procedure, the Superior Court did not have subject-matter jurisdiction; (2) the controversy was moot; (3) plaintiffs did not have standing to sue; (4) plaintiffs' complaint failed under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure to state a claim upon which relief could be granted; (5) plaintiffs' complaint violated Rule 8 of the Superior Court Rules of Civil Procedure; and (6) plaintiffs violated Rule 19 of the Superior Court Rules of Civil Procedure by failing to join indispensable parties.

On November 1, 2016, a Washington County Superior Court justice heard, and granted, the town's motion to dismiss, agreeing that plaintiffs violated Rules 8 and 19 of the Superior Court Rules of Civil Procedure, and also ruling that the Superior Court did not have subject-matter jurisdiction to hear the dispute. The hearing justice did not decide the case's potential mootness, plaintiffs' questionable standing to file suit, or their alleged failure to state a claim upon which relief could be granted. Following that decision, the stock sale closed on November 7, 2016.

On November 22, 2016, a final judgment was entered in the Superior Court in favor of the town. The plaintiffs filed a notice of appeal on November 23, 2016, bringing the case properly before us.

## II

### Standard of Review

"In reviewing the grant of a motion to dismiss[,] * * * this Court applies the same standard as the hearing justice." *Audette v. Poulin*, 127 A.3d 908, 911 (R.I. 2015) (quoting *Ho-Rath v. Rhode Island Hospital*, 115 A.3d 938, 942 (R.I. 2015)). Such a motion "is properly granted when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's

3

claim." *Id.* (quoting *Ho-Rath*, 115 A.3d at 942). In our review, "[w]e will assume[] the allegations contained in the complaint to be true and view [] the facts in the light most favorable to the plaintiffs."[3] *Id.* (quoting *Ho-Rath*, 115 A.3d at 942).

## III

## Discussion

It is our opinion that plaintiffs lack the requisite standing to bring this action.[4] "At its core, inquiries into standing consider 'whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to ensure concrete adverseness that sharpens the presentation of the issues * * *.'" *1112 Charles, L.P. v. Fornel Entertainment, Inc.*, 159 A.3d 619, 625 (R.I. 2017) (quoting *Genao v. Litton Loan Servicing, L.P.*, 108 A.3d 1017, 1021 (R.I. 2015)). "The party asserting standing must have an injury in fact that is '(a) concrete and particularized * * * and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Cruz v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 992, 996 (R.I. 2015)).

The plaintiffs have failed to convince us that they have suffered "any actual or concrete wrong beyond a general grievance common to all taxpayers." *West Warwick School Committee v. Souliere*, 626 A.2d 1280, 1284 (R.I. 1993). But, even putting aside that plaintiffs assert a generalized grievance, the record reveals that plaintiffs have not suffered a particularized injury. The plaintiffs' own recitation of their alleged injury is couched in uncertain terms, in that they vaguely assert that they might be held responsible for the costs of any contamination remediation, giving this transaction only "*the potential* to be extraordinarily harmful" to

---

[3] We apply this standard of review even when analyzing a Superior Court justice's decision to dismiss a case for lack of standing. *See, e.g., Watson v. Fox*, 44 A.3d 130, 134 (R.I. 2012).

[4] While the hearing justice did not dispose of the case based on standing, "[i]t is well-settled that 'this Court can affirm the Superior Court's judgment on grounds other than those relied upon by the [Superior Court] * * * justice.'" *Joachim v. Straight Line Productions, LLC*, 138 A.3d 746, 752 (R.I. 2016) (quoting *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I. 2010)).

4

plaintiffs. (Emphasis added.) When analyzing standing, we deal with the concrete and will not engage in speculation. "Unfounded anxiety or a vague fear based on utterly speculative hypotheses is simply not enough." *McKenna v. Williams*, 874 A.2d 217, 227 (R.I. 2005).

Still, plaintiffs correctly maintain that "[o]n *rare* occasions this [C]ourt has overlooked the standing requirement to determine the merits of a case of substantial public interest." *Burns v. Sundlun*, 617 A.2d 114, 116 (R.I. 1992) (emphasis added) (holding that the standing requirement was satisfied where the plaintiff raised "a question of statutory interpretation of great importance to citizens in localities that could become home to gambling facilities seeking to simulcast and invite wagering on out-of-state events"). But we decline to apply that exception here.

In *Burns*, we decided the case despite a lack of standing because it presented the fundamental question of whether the plaintiffs could vote on an issue at a public referendum. *See Burns*, 617 A.2d at 116. Here, however, we see no need to intervene to protect the public interest because we are comforted by the safeguards of the local political process. *Burns*, in contrast, posed the question of whether such political safeguards, like voting, were required at all. *See id.*; *see also Gelch v. State Board of Elections*, 482 A.2d 1204, 1207 (R.I. 1984) ("conferring standing liberally" to allow the Court to address a candidate's eligibility to run for public office); *Sennott v. Hawksley*, 103 R.I. 730, 732, 241 A.2d 286, 287 (1968) (bypassing standing analysis where "there was a substantial public interest in the adoption or rejection of a new constitution"). As such, because we can distinguish the exceptional cases where we have sacrificed standing in favor of resolving an issue of great public concern, we decline to slacken the standing requirements for the benefit of plaintiffs here.

Based on the foregoing, we conclude that the plaintiffs did not have standing to seek review of the town's decision. Thus, because our inquiry can end here, we decline to address the remaining arguments presented in this appeal.

**IV**

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to that tribunal.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Christopher Warfel, et al v. Town of New Shoreham. |
| **Case Number** | No. 2017-125-Appeal.<br>(WC 16-550) |
| **Date Opinion Filed** | March 2, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Lauren Balkcom, Esq. |
| | For Defendant:<br><br>Katherine A. Merolla, Esq. |