**William J. NYE**

v.

**Paul G. BROUSSEAU et al.**

**No. 2010–439–APPEAL.**

Supreme Court of Rhode Island.

April 10, 2012.

William J. Nye, Pro Se.

Bruce E. Vealey.

**ORDER**

The plaintiff, William J. Nye, appeals pro se from the Superior Court's dismissal of what he characterizes as his "Motion to Admit Newly Discovered Evidence" and his "Motion to Set–Aside Transfer." This case came before the Supreme Court for oral argument pursuant to an order direct-

ing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the written and oral submissions of the parties, we are satisfied that cause has not been shown and that this appeal may be resolved without further briefing or argument. For the reasons set forth in this order, we affirm the order of the Superior Court.

This Court has previously recounted most of the facts pertinent to the instant case in *Nye v. Brousseau*, 992 A.2d 1002 (R.I.2010). Accordingly, we shall seek to avoid unnecessary repetition.

The underlying dispute involves a boundary line marked by a row of shrubbery.[1] In the complaint that he filed in the Superior Court for Kent County on August 9, 2006, plaintiff asserted, among other contentions, that he had previously requested that defendants obtain a survey of their property and that he "contest[ed] the location of the disputed boundary," which boundary defines plaintiff's property from that of defendants.

A nonjury trial was held in the Superior Court on five different days in June and early July of 2008. *Nye*, 992 A.2d at 1007. Thereafter, the decision of the trial justice was entered on September 23, 2008. Id. In that decision, the trial justice issued an injunction which prohibited defendants "from passing onto [plaintiff's] property," and he awarded damages in the amount of $1,100 to plaintiff in light of "significant trimming" of the shrubbery by one of defendants. Id. In addressing the boundary question, the trial justice concluded that

the row of shrubbery was "sufficiently obvious to command notice of [plaintiff's] claim of ownership." Id. The trial justice subsequently determined a new boundary line,[2] and he directed plaintiff to prepare a survey description for inclusion in the final judgment, which would then make valid "[a]ny property interest clarified, confirmed or conveyed" to plaintiff by virtue of the court's decision. Id. The trial justice additionally ruled that plaintiff would be required to pay for one-half of the cost of the survey that had been conducted more than two years prior to the trial;[3] the trial justice found that plaintiff had "breached an agreement to pay for one-half of the cost of the surveyor's bill." Id. at 1007–08. He also enjoined plaintiff from entering onto the real estate of defendants without the consent of one of defendants. Id. at 1008.

In the opinion that we issued on April 29, 2010, wherein we addressed the issues raised in plaintiff's first appeal, we affirmed the trial justice's boundary determination. *Nye*, 992 A.2d at 1009. At the same time, however, we vacated the judgment of the Superior Court with respect to (1) the injunction whereby plaintiff was enjoined from entering onto defendants' property and (2) the damages for "breach of agreement" (*i.e.*, the damages which the trial justice awarded to defendants with respect to the cost of the November 2005 survey). Id. at 1010–12. Specifically, we held that, when the trial justice approved plaintiff's legal description of the boundary, he should have vacated the permanent injunction that was then in force against

---

1. We note that plaintiff's instant appellate contentions do not concern the correctness of the boundary line.

2. The trial justice's description of the new boundary line is quoted in its entirety in our former opinion. *See Nye v. Brousseau*, 992 A.2d 1002, 1007 (R.I.2010).

3. The survey referenced in the text concerning which the trial justice ordered plaintiff to pay one-half of the cost thereof was the survey that one of defendants caused to be conducted and that was completed in November of 2005. *Nye*, 992 A.2d at 1005.

plaintiff due to the fact that it was no longer necessary. Id. at 1010. With regard to the damages against plaintiff for "breach of agreement," we concluded that the trial justice had erroneously granted defendants relief when he awarded them damages for a portion of the November 2005 surveyor's fees because, in their counterclaim, they had not requested such relief, but had merely employed "general boilerplate language" in support of an award of damages. Id. at 1012.

On July 26, 2010, after the issuance of our opinion, plaintiff appeared pro se before a justice of the Superior Court different from the justice who presided over the trial in 2008; the second justice conducted a hearing. At that hearing, plaintiff alleged that defendants had executed a quitclaim deed one month prior to the entry of the amended final judgment;[4] he further stated that that quitclaim deed "transfer[red] the property from the defendants into their trust." It is our understanding that plaintiff's July 2010 contentions served as the basis for his (1) moving for the admission of new evidence (*viz.*, the quitclaim deed) and (2) moving for an order to set aside as fraudulent the transfer of the property into a trust. The plaintiff expressed a general concern to the following effect: "[T]he opposing party can come along on a future date and say, fraud on the court, vacate the judgment. So I don't want that to happen." At the conclusion of the July 26, 2010 hearing, the hearing justice continued consideration of plaintiff's arguments on those issues.

Subsequently, on September 13, 2010, plaintiff appeared pro se to argue in support of the above-referenced motions (1) to admit newly discovered evidence and (2) to set aside the transfer of the property. Yet another justice of the Superior Court conducted a hearing with respect to those motions. The hearing justice addressed plaintiff from the bench as follows:

"You need to file another lawsuit to address [the transfer of the property]. That is a whole different subject. It doesn't sound like that was part of the boundary dispute case.

"* * *

"Sir, you have to file another lawsuit. There is nothing here anymore so your case is over. That case before [the trial justice] about a boundary line is over. Any of these new claims that you have, you would have to proceed by filing a whole new Superior Court lawsuit and start the whole process all over again. You can't do it through some motions connected from your old case."

The hearing justice then issued an order dismissing (*inter alia*) said motions. The plaintiff thereafter filed a timely notice of appeal to this Court. On appeal, plaintiff has reiterated the concerns which he expressed at the July and September 2010 hearings in the Superior Court.

Upon review of the record, we find ourselves fully in agreement with the above-quoted remarks of the hearing justice at the September 13, 2010 hearing. In the opinion that we issued in April of 2010, we affirmed (*inter alia*) the Superior Court's judgment with respect to the boundary line. Given that inexorable fact, we decline to engage in speculation as to what the result *might* be if, at some future date, some future plaintiff *might* come forward to contest that judgment.[5]

---

4. The "amended final judgment" to which we refer in the text is an amended judgment that was entered by the trial court on April 30, 2009. *See Nye,* 992 A.2d at 1008.

5. We pause simply to note the principle that, "[u]nder a conveyance by a quitclaim deed, the grantee can acquire no better interest than the grantor had." 23 Am.Jur.2d *Deeds* § 276 at 256 (2002). As a result, based on the

We wish to further explicitly state that the plaintiff has had his day in court, a judgment was entered, and our opinion affirming the trial justice's ruling about the boundary line was issued almost two full years ago. Accordingly, it is time for the instant litigation to come to a close. *See Arena v. City of Providence,* 919 A.2d 379, 396 (R.I.2007) ("It is time for this litigation to end."); *see also Palazzo v. Alves,* 944 A.2d 144, 155 (R.I.2008) ("There is nothing more to be said; this case is over."); *Gunn v. Union Railroad Co.,* 27 R.I. 320, 337, 62 A. 118, 125 (1905).

For the reasons set forth in this order, we affirm the order of the Superior Court. The record in this case may be returned to that tribunal.

limited facts before the Court, we are not at all convinced that there would be merit in the claim that plaintiff speculates *might* one day be advanced.