**Supreme Court**

No. 2013-302-Appeal.
(KC 12-1096)

William J. Nye                    :

v.                    :

Susan J. Brousseau et al.                    :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

William J. Nye                :

v.             :

Susan J. Brousseau et al.      :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on October 30, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, William J. Nye (plaintiff), appeals pro se from a Superior Court judgment dismissing the plaintiff's quiet title claim and granting summary judgment in favor of the defendants—Susan J. Brousseau, individually and as trustee, Paul G. Brousseau, individually and as trustee (the Brousseaus), and The Brousseau Family Trust (collectively, defendants)—on the plaintiff's claims for negligence and fraud.  Additionally, the plaintiff appeals the dismissal of his claim to quiet title.  Having considered the arguments advanced by the parties, we are satisfied that cause has not been shown and that the appeal may be decided at this time.  For the reasons set forth below, we affirm the judgment of the Superior Court.

**Facts and Travel**

This case is the parties' third appearance before this Court in less than five years.  The details of their affairs have twice been set forth by this Court in Nye v. Brousseau, 992 A.2d

1002 (R.I. 2010) (Nye I) and Nye v. Brousseau, 47 A.3d 335 (R.I. 2012) (mem.) (Nye II). Accordingly, we shall endeavor to confine our recitation of the facts.

At the center of the dispute is a 325.59-square-foot parcel (judgment parcel) that was awarded to plaintiff and described in the amended final judgment that entered in Nye I, 992 A.2d at 1010. However, shortly before final judgment entered in Nye I, the Brousseaus transferred, by quitclaim deed, property located at 265 Tiffany Avenue in Warwick (the Brousseau Property) to The Brousseau Family Trust (the trust). The judgment parcel is located within the described Brousseau Property and abuts plaintiff's property.

Five months after this Court's order in Nye II—in which the denial of plaintiff's motion to set aside the transfer of the Brousseau Property to the trust was affirmed—plaintiff filed a complaint in this case, alleging: (1) "Quiet Title"; (2) "Negligence"; and (3) "Fraud." The plaintiff argued that the transfer of the Brousseau Property to the trust via quitclaim deed, before final judgment entered in Nye I, served to render the final judgment a nullity. He is mistaken.

In this case, defendants admitted that all right, title, and ownership in the judgment parcel belongs to plaintiff, and this judicial admission is binding. The defendants moved for summary judgment on all counts, and on July 10, 2013, a Superior Court justice issued a written decision denying summary judgment on count one—quiet title—but granting summary judgment in favor of defendants on counts two and three. As to the quiet-title count, the trial justice concluded that "an abstract of the title * * * or any similar report concerning the status of the title from a reputable source, as specified under [G.L. 1956] § 34-16-2[,]" was "[n]oticeably absent" from the court file; and, thus, a genuine issue of material fact may exist which precluded the entry of summary judgment. The Superior Court justice then concluded that "[p]laintiff must first comply with the mandate of § 34-16-2 before this [c]ourt may adjudicate [p]laintiff's quiet title

action on the merits." On count two, he determined that the facts did not demonstrate that defendants owed a duty, that defendants breached a duty, or that any cognizable harm from such a breach existed. With respect to count three, alleging fraud, it was determined that no evidence existed which demonstrated that defendants made any false representations to plaintiff. Furthermore, the court determined that plaintiff's claim of fraud on the court was not supported by competent evidence.

On August 16, 2013, an order entered that granted defendants' motion to compel plaintiff to comply with § 34-16-2.[1] The order required plaintiff to submit the name of a title company or attorney to complete an abstract within thirty days for approval by the court, and then, after approval by the court, an additional thirty days for the title company or attorney to submit a title abstract to the court. The plaintiff failed to comply with this order.

On September 17, 2013, defendants filed a motion to dismiss count one based on plaintiff's failure to comply with the August 16 order and plaintiff's prior statement that he disavowed any claim based upon § 34-16-2. On October 28, 2013, the motion to dismiss was heard before a different justice of the Superior Court, and plaintiff continued to advance that count one was unrelated to any claim under § 34-16-2 of the General Laws. The Superior Court

---

[1] General Laws 1956 § 34-16-2 provides:

> "Upon filing his or her complaint, the plaintiff shall thereafter, at his or her own cost, select, with the approval of the court, a title company or an attorney familiar with the examination of land titles, which company or attorney shall proceed to examine the title to the real estate described in the complaint, and when the examination is completed, shall deposit an abstract of title to the real estate in the court, together with a report of the status of the title and a list of the parties found interested therein, and who should, in the opinion of the company or attorney, be made parties to the action. Upon receipt of the abstract and report, the court shall order all persons not parties to the action but found by it to be necessary to the cause to be made parties defendant and shall order notice to be given to those defendants."

justice determined that plaintiff was ordered to, and failed to, comply with § 34-16-2; and, thus, she dismissed count one and entered final judgment. The plaintiff timely appealed to this Court.[2]

**Analysis**

Initially, we conclude that the Superior Court justice was correct in granting summary judgment for defendants on counts two and three. The plaintiff utterly failed to set forth any theory that evidenced that defendants owed him a duty to report the transfer of the property. Furthermore, no evidence was set forth by plaintiff demonstrating that defendants made false representations to him or that defendants perpetrated any fraud upon the court. In the absence of material factual disputes, combined with the determination that defendants are entitled to judgment as a matter of law, we affirm the judgment of the Superior Court. See Moore v. Rhode Island Board of Governors for Higher Education, 18 A.3d 541, 544 (R.I. 2011) (citing Berman v. Sitrin, 991 A.2d 1038, 1043 (R.I. 2010)).

Turning next to the heart of plaintiff's rambling and confusing argument, we similarly conclude that the Superior Court justice was correct in dismissing count one. The plaintiff was required to retain a professional title examiner to prepare a title abstract pursuant to the August 16, 2013 order of the Superior Court. A necessary component to a claim to quiet title on property under § 34-16-2 is a record showing that title is held by someone other than the claimant. The plaintiff's subjective belief that his claim was for some undefined relief and not an action to quiet title does not negate the fact that his complaint sought to quiet title to the judgment parcel. Accordingly, it was proper for the Superior Court justice to order him to obtain an abstract. By electing to disregard this order, plaintiff risked dismissal of the claim. We are

---

[2] Although plaintiff prematurely filed a notice of appeal on August 20, 2013, final judgment eventually entered; and, accordingly, we considered it ultimately sufficient to consider the issues before us. See Toegemann v. City of Providence, 21 A.3d 384, 386 n.3 (R.I. 2011).

satisfied that the court properly exercised its discretion in dismissing count one.  See Rule 41(b)(2) of the Superior Court Rules of Civil Procedure ("On motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court * * *."); see also Conti v. Hines, 659 A.2d 117, 118 (R.I. 1995) (dismissing quiet-title action for failure to obtain title abstract).

Before concluding this saga, we pause to note that the Brousseaus have been forced to defend against two dubious Superior Court actions.  This case is put to rest.  Any further litigation undertaken by the plaintiff against these defendants risks the imposition of sanctions and attorney's fees.

**Conclusion**

For the reasons set forth above, we affirm the judgment of the Superior Court.  The papers in this case may be returned to the Superior Court.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    William J. Nye v. Susan J. Brousseau et al.

**CASE NO:**    No. 2013-302-Appeal.
(KC 12-1096)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    November 19, 2014

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Stephen P. Nugent

Associate Justice Allen P. Rubine

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:  William J. Nye, Pro Se

For Defendants:  Michael D. Coleman, Esq.