In the Matter of Martin S. Malinou.                    No. 2017-95-M.P.

O R D E R

This attorney discipline matter came before the Court at its conference on October 18, 2017. On September 26, 2017, this Court's Disciplinary Board (board) forwarded to the Court a decision and recommendation that the respondent, Martin S. Malinou, be suspended from the practice of law for a minimum of ninety days and that he not be reinstated until such time as he deposits the sum of $33,107.33 into the Registry of the Superior Court.

Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides, in pertinent part:

> "If the [Disciplinary] Board determines that a proceeding should be *** concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

We directed the respondent to show cause, if any, why we should not impose the discipline recommended by the board. Having heard the representations of the respondent and this Court's Disciplinary Counsel and having reviewed the record, we deem that cause has not been shown, and we adopt the board's recommendation.

The relevant facts as determined by the board are as follows. Ida and Yolanda D'Amore were elderly sisters residing in a nursing home in Cranston, Rhode Island. On February 13, 2014, a petition to appoint temporary guardians was filed in the Cranston probate court alleging

1

that the sisters were no longer competent to handle their personal and financial affairs. On February 18, 2014, the court entered an order appointing Donald M. D'Amore and Barbara H. Neri to serve as temporary co-guardians over the person and the estate of both D'Amore sisters, and the matter was continued to determine whether the appointment of the temporary co-guardians should become permanent.

The respondent entered his appearance in the probate court proceedings and filed an objection to the appointment of the co-guardians, purportedly acting on behalf of both Ida and Yolanda. After a hearing on March 8, 2014, the court entered an order continuing the temporary guardianship in effect and authorizing the parties to engage in discovery to determine the financial affairs of the D'Amores. On April 19, 2014, the respondent became aware that an account existed at a local bank that was jointly titled to both D'Amores and an unrelated third party. That account contained a substantial amount of money. The respondent did not notify the co-guardians or the probate court of the existence of this account. On May 12, 2014, the account was closed by that third party, and the proceeds of that account, $133,107.33, were delivered to the respondent, payable to him, in the form of a treasurer's check. The respondent deposited those funds into his client's account, which at that time contained only a nominal amount of money. The respondent did not advise the co-guardians or the probate court that these funds had come into his possession.

The co-guardians became aware of the existence of this account as a result of a subpoena issued to the bank during the course of discovery. After a hearing held before the probate court on June 26, 2014, the probate court entered an order appointing Donald M. D'Amore and Barbara H. Neri as permanent guardians of the person and estate of both Ida and Yolanda, and it authorized the guardians to recover all funds in the respondent's possession belonging to the

2

D'Amores, including but not limited to the $133,107.33 that was in his client account. Additionally, the probate court entered an order disqualifying the respondent from continuing to represent Ida and Yolanda. The respondent requested that the court stay the order but his request was denied. He did not deliver the funds in his possession to the co-guardians.

The respondent, still purportedly acting on behalf of Ida and Yolanda, filed an appeal to the Superior Court.[1] At a hearing before the Superior Court on March 26, 2015, the respondent represented to the court that those funds remained in his client account and that he was not claiming any ownership interest in those funds. His representation was not true. Beginning in May of 2014, and continuing until June of 2015, the respondent made periodic withdrawals from the account in $1,000 increments, payable to himself, which he then used for his own purposes.

On May 5, 2015, the Superior Court entered an order compelling the respondent to deposit $133,107.33 into the Registry of Court. On May 28, 2015, he deposited $100,000 into the Registry of Court, and he claimed that he had withheld the remainder of the funds as fees owed to him by Ida and Yolanda.

On October 23, 2015, the Superior Court found the respondent to be in contempt of its order of May 5, 2015, and ordered him to deposit $33,107.33 into the Registry of Court on or before October 30, 2015. The order further imposed a $100 per day penalty for each day after October 30, 2015 that the respondent failed to deposit the funds. As of the date of this order, the respondent has not deposited the funds into the Registry of Court.

After determining these facts, the board concluded that the respondent's conduct is in violation of Article V, Rule 1.15 of the Supreme Court Rules of Professional Conduct. Rule 1.15, entitled "Safekeeping property," provides, in pertinent part:

---

[1] Ida and Yolanda passed away during the pendency of that appeal.

"(a)  A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.

"(d)  Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person.  Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

(e)  When in the course of representation a lawyer is in possession of property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved."

We concur with the board's conclusion.  Once the respondent became aware that co-guardians had been appointed, initially on a temporary and subsequently on a permanent basis, he was on notice that those co-guardians had an interest in the funds.  The respondent has claimed to the board and to this Court that, in his opinion, the orders of the probate court were void and that, accordingly, he had no duty to comply with those orders.  Additionally, he asserts that since, in his opinion, the probate court orders were void, the orders of the Superior Court entered during the appeal were void as well.

The respondent's claims are misplaced.  When he received the proceeds from the above-noted account, he was well aware that the court-appointed co-guardians had an interest in those funds.  Accordingly, he had a duty to promptly notify the co-guardians that he had received the funds.  He failed to do so in violation of Rule 1.15(d).  Moreover, without any notice to the co-guardians, the probate court, or the Superior Court, the respondent was withdrawing funds for his own use, purportedly as fees, in violation of Rule 1.15(a) and (e).  When he unilaterally

4

concluded he had no duty to obey court orders that, in his opinion, were void, he did so at his own peril.

Having accepted the findings of fact made by the board, and agreeing with its conclusion that the respondent has committed professional misconduct, we address the appropriate sanction. Professional discipline serves two important functions: protection of the public and maintaining the integrity of the profession, *In re McBurney*, 13A.3d 654, 655 (R.I. 2011). We believe the sanction recommended by the board appropriately serves those purposes.

Accordingly, it is hereby ordered, adjudged, and decreed that the respondent, Martin S. Malinou, is suspended from the practice of law for at least ninety days, commencing thirty days from the date of this order. During this thirty-day period, he shall conclude those pending client matters that can be resolved and arrange for the orderly transfer of his remaining client matters to new counsel of the clients' choice. He shall not take on any new matters. Additionally, the respondent must deposit the sum of $33,107.33 into the Registry of the Superior Court prior to seeking reinstatement.

Entered as an Order of this Court this 17th Day of November, 2017.

By Order,

_____/s/_____
Clerk

Justice Goldberg did not participate

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Martin S. Malinou. | |
| **Case Number** | No. 2017-95-M.P. | |
| **Date Order Filed** | November 17, 2017 | |
| **Justices** | Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | N/A- Court Order | |
| **Judicial Officer From Lower Court** | N/A- Court Order | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Barbara Margolis, Esq.<br>Deputy Disciplinary Counsel | |
| | For Respondent:<br><br>Martin Malinou, Pro Se | |