December 20, 2018

**Supreme Court**

No. 2017-5-Appeal.
(PP 14-4885)

Martin Malinou                  :

v.                  :

Barbara Neri, Individually and as Permanent   :
    Co-Guardian of Ida D'Amore, et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Martin Malinou               :

v.                      :

Barbara Neri, Individually and as Permanent   :
Co-Guardian of Ida D'Amore, et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  The plaintiff, Martin Malinou, ostensibly acting as successor executor for the wills of two former clients, is appealing from the Superior Court's judgment dismissing his probate court appeals for his failure to comply with several court orders. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Procedural History**

The travel of the case begins with two sisters living at Cedar Crest Nursing and Rehabilitation Centre in Cranston (Cedar Crest): Yolanda and Ida D'Amore. According to Malinou, each sister appointed him as her attorney-in-fact by signing a Short Form Power of Attorney soon after they moved from their home in Providence to Cedar Crest in 2009 and then,

in 2014, asked him to represent them in the Cranston Probate Court's guardianship proceedings that had been initiated by their niece and nephew, the defendants Barbara Neri and Donald D'Amore. The defendants had initiated the proceedings in early 2014 after staff from Cedar Crest expressed concerns about the sisters' abilities to make financial decisions for themselves. Malinou's subsequent truculent and tortuous pursuit of his contention that the D'Amore sisters were not in need of legal guardians during the final months of their lives has wound its way through the probate courts of two cities, the Providence County Superior Court, and our Court.

On February 18, 2014, a Cranston Probate Court judge appointed defendants as temporary co-guardians of Yolanda and Ida. On March 13, 2014, Malinou appeared in the probate court to oppose the temporary guardianship status, asserting that the D'Amore sisters had asked him to represent them; however, he was unable to produce any documentation—such as a retainer agreement—to support his assertion. The probate judge continued the guardianship proceedings to allow the parties to conduct discovery, the parameters of which were set during the hearing. At a control date hearing on May 8, 2014, the probate judge reviewed some discovery questions and concerns, then set a date for a contested permanent guardianship hearing.

Before the next hearing, defendants filed a petition to remove Malinou as attorney-in-fact for the D'Amore sisters because discovery had uncovered suspicious banking activity in an account held by the sisters and Diane LaFerriere, an associate of Malinou's. The latest account activity had been to close the account entirely. On May 10, 2014, the final balance of $133,107.33 was transferred to Malinou without providing any notice to defendants. Counsel also forwarded the petition to remove to the Supreme Court's Disciplinary Counsel and to the Rhode Island State Police Financial Crimes Unit. Around that same time, Malinou filed a

petition for a writ of certiorari asking this Court to review the Cranston Probate Court's award of temporary guardianship; the petition was ultimately denied.

The probate court considered the petition to remove Malinou and the contested guardianship at a hearing held on June 26, 2014. After a long discussion about the suspicious banking activity, wherein Malinou represented to the probate court that he had deposited the $133,107.33 into his client account, the probate court granted defendants' petition to remove Malinou as counsel for their wards. After reviewing the evidence indicating that the D'Amore sisters were unable to look after their financial affairs and finding that Malinou had not provided any evidence to the contrary, the probate court appointed defendants to be permanent co-guardians of the D'Amore sisters.

Shortly thereafter, on July 26, Yolanda passed away. Within a few days, Malinou filed a petition to probate her will in the Providence Probate Court and proposed that he be named executor pursuant to the terms of her will. The defendants filed motions to dismiss the petition for lack of jurisdiction, to transfer venue to the Cranston Probate Court, and to remove Malinou as proposed executor of the will. The Providence Probate Court dismissed Malinou's petition without prejudice for lack of jurisdiction because Yolanda was a resident of Cranston (not Providence) at the time of her death. A decree to this effect entered on September 16, 2014. Ida passed away on May 31, 2015; an identical sequence of events transpired, resulting in a decree dismissing Malinou's petition to probate Ida's will for the same reasons. Malinou appealed from the Providence Probate Court's decrees as well as from the orders issued by the Cranston Probate Court.

A justice of the Providence County Superior Court first encountered the parties in this case in October 2014, when he heard argument on Malinou's motion to stay the Providence

Probate Court's impending transfer of the petition to probate Yolanda's will to the Cranston Probate Court.[1]  At that hearing, Malinou admitted he had received at least $133,107.33 of the D'Amore sisters' money.  The Superior Court justice subsequently consolidated all five of Malinou's probate court appeals and held several hearings over the next two years related to the various issues raised in and by those appeals.[2]  The Superior Court justice ultimately dismissed the appeals pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure due to Malinou's repeated refusals to comply with the orders of the Superior Court.  The following summary of the proceedings in Superior Court therefore focuses on those orders—all of which relate to the money Malinou received and retained from the D'Amore sisters prior to their deaths.

The Superior Court held eight hearings between February and November 2015, at which the court repeatedly ordered Malinou to deposit the $133,107.33 into the Registry of the Superior Court.  While Malinou twice assured the court that he could deposit this sum, he deposited only $100,000 after the fourth hearing at which this money was discussed.  At the fifth hearing, he claimed that he no longer had any additional funds.  The Superior Court ordered Malinou to provide a detailed accounting of all of the D'Amore sisters' money that had come into his possession, and the court referred the matter to this Court's Disciplinary Counsel.  Malinou failed to comply with two separate orders directing him to provide a full accounting of the funds;

---

[1] Malinou has not provided this Court with transcripts from any of the hearings held in Superior Court on his appeals from the probate courts' orders.  As a result, we rely on the Superior Court justice's procedural summary in his written decision, filed on September 2, 2016, dismissing Malinou's appeals.

[2] Two of the appeals were from the Cranston Probate Court's orders disqualifying Malinou from representing each D'Amore sister and granting defendants' petitions for guardianship over Yolanda and Ida; one of the appeals was from the Cranston Probate Court's order granting defendants' petition for a citation compelling Malinou to provide testimony about the D'Amore sisters' assets; and two of the appeals were from the Providence Probate Court's orders granting defendants' motions to dismiss Malinou's petitions to probate Yolanda's and Ida's wills for lack of jurisdiction and improper venue.

when he finally provided some records and copies of checks, these did not account for the full missing $33,107.33. Eventually, in October 2015, the Superior Court justice held Malinou in contempt for his repeated failure to deposit the $33,107.33 balance into the registry of the court, ordering him to deposit the money within one week or be assessed a fine in the amount of $100 for each day that he failed to deposit that balance with the court.[3] Status hearings held after the contempt order issued—on November 2, 2015 and May 6, 2016—came and went; Malinou still had not deposited the $33,107.33.

In the spring of 2016, defendants filed a motion to dismiss the appeals pursuant to Rule 41(b)(2) for Malinou's repeated failure to comply with the court's orders. The Superior Court granted the motion to dismiss on September 2, 2016. The Superior Court justice also granted defendants' motion to order the Providence Probate Court to transfer the D'Amore sisters' probate records to Cranston Probate Court.[4] Final judgment entered on October 18, 2016, and Malinou timely filed notices of appeal.[5]

---

[3] The verbal order issued at the hearing on October 23, 2015, was memorialized in a written order signed on November 30, 2015.

[4] The Superior Court justice also opened a separate cause of action to monitor the status of his order finding Malinou in contempt for his failure to deposit the $33,107.33 balance into the registry of the court—No. PM-2016-3454. No significant activity has registered in this case since it opened.

[5] The complaints filed with this Court's Disciplinary Counsel were investigated by the Disciplinary Board, which recommended a minimum ninety-day suspension of Malinou's license to practice law, with reinstatement of his license only after he deposits the $33,107.33 balance into the registry of the court. After this Court directed Malinou to show cause why we should not adopt the Disciplinary Board's recommendation and considered the matter at a conference held in October 2017, we issued an order agreeing with the Disciplinary Board's conclusion that Malinou had violated Article V, Rule 1.15 of the Supreme Court Rules of Professional Conduct when he did not notify defendants about the local bank account he knew was held by the D'Amore sisters and LaFerriere and that LaFerriere had closed the account during the pendency of the guardianship proceedings and given the proceeds to Malinou. *In the Matter of Malinou*, 172 A.3d 774, 774-76 (R.I. 2017) (mem.). This Court adopted the Disciplinary Board's recommendation and ordered a minimum ninety-day suspension from the practice of law, with

## Standard of Review

We review a Superior Court justice's dismissal of a civil action based on the failure of a plaintiff to comply with a court's order(s) for abuse of discretion. *See Nye v. Brousseau*, 102 A.3d 627, 630 (R.I. 2014); Super. R. Civ. P. 41(b)(2).

## III

## Discussion

In his prebriefing statement, Malinou challenges all of the probate court orders, primarily arguing that the initial temporary guardianship decrees for Yolanda and Ida entered in the Cranston Probate Court were void when issued because the determinations were both substantively and procedurally unsound. He asserts that, as a result, there was not a proper guardianship in place for the D'Amore sisters when he received the $133,107.33, so he was not obligated to disclose these funds either to defendants or to the probate court. With respect to his appeal from the Providence Probate Court's dismissal of his petition to probate Yolanda's will, Malinou argues that a jury trial is required to make a factual determination regarding whether Yolanda resided in Cranston or Providence at the time of her death. He also asserts that his inability to pay is a complete defense to his failure to comply with the Superior Court's contempt order.[6] He does not challenge the contempt order itself, only the dismissal of his appeals.

---

reinstatement only after Malinou deposited the $33,107.33 balance into the registry of the court. *Id.* at 776.

[6] Malinou also raises a question about whether he has an attorney lien on the $100,000 deposited into the registry of the court, as provided in G.L. 1956 § 9-3-2, but he does not provide any argument about this issue. "Generally, we will consider an issue to be waived when a party '[s]imply stat[es] an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues * * *.'" *Bucci v. Hurd Buick Pontiac GMC Truck, LLC*, 85 A.3d 1160, 1170 (R.I. 2014) (alterations in original) (quoting *State v. Chase*, 9 A.3d 1248, 1256 (R.I. 2010)).

Prior to considering Malinou's arguments before us, we must determine the proper scope of our review of the Superior Court's dismissal of Malinou's five probate court appeals. While Malinou filed a notice of appeal in each of the Superior Court cases, along with five motions to proceed *in forma pauperis*, there is no dispute that he paid only one filing fee after a Superior Court justice denied his motions to proceed *in forma pauperis*. Regardless, Malinou urges this Court to review the Superior Court's decision and judgment as it relates to all five of his probate court appeals.

It is well settled that causes of action may be consolidated for judicial economy when the actions involve common law and facts, but that the consolidated matter does not merge into a single cause of action. Instead, the causes of action "remain distinct throughout trial and in the event of an appeal, a notice of appeal must be filed for each action." *In re Estate of Ross*, 131 A.3d 158, 159 n.2 (R.I. 2016) (quoting *State Water Resources Board v. Howard*, 729 A.2d 712, 714 (R.I. 1999)). It is equally well settled that a condition precedent to a valid, perfected appeal is to pay the required filing fee. *Illas v. Przybyla*, 850 A.2d 937, 943 (R.I. 2004); *Martin v. Lilly*, 505 A.2d 1156, 1160 (R.I. 1986); Article I, Rule 3 of the Supreme Court Rules of Appellate Procedure. A filing fee is therefore required for each separate notice of appeal.

Here, Malinou filed five separate notices of appeal; but, after his motions to proceed *in forma pauperis* were denied by the Superior Court, he paid only the filing fee for the notice of appeal from No. PP-2014-4885. This particular cause of action represented Malinou's appeal from a decree of the Providence Probate Court in case No. 2014-337, denying Malinou's petition to probate Yolanda's will due to lack of jurisdiction and improper venue. Malinou's appeal from this probate court decree to the Superior Court ended with an involuntary dismissal pursuant to Rule 41(b)(2); therefore, the only issue properly before us for review is whether the Superior

Court justice abused his discretion when he dismissed this probate court appeal for Malinou's failure to comply with the court's orders. We therefore do not reach any of the Superior Court justice's substantive findings and legal conclusions with respect to any of Malinou's probate court appeals.

Rule 41(b)(2) provides, in relevant part, that "[o]n motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court * * *." A dismissal under this rule "operates as an adjudication upon the merits[,]" unless the court specifies otherwise. Super. R. Civ. P. 41(b)(3). We have not had many occasions to review a dismissal of a cause of action pursuant to Rule 41(b)(2).[7] In *Nye*, however, we affirmed the Superior Court's dismissal of a quiet-title claim after the plaintiff had repeatedly disregarded the court's order to obtain a title abstract on the property in question from a title examiner. *Nye*, 102 A.3d at 630.

In the case at bar, it is our opinion that the Superior Court justice properly exercised his discretion in dismissing Malinou's appeal from the probate court decree dismissing his petition to probate Yolanda's will. The Superior Court justice was clearly concerned from the outset of the appeals that a portion of the deceased's assets were potentially improperly in Malinou's possession. The Superior Court justice provided several opportunities for Malinou to deposit the $33,107.33 balance into the registry of the court, continuing the probate appeal proceedings many times in reasonable anticipation of Malinou's compliance with the court's orders.

---

[7] After the 1995 amendment to this rule removed the language allowing a defendant in a nonjury trial to move for dismissal at the close of the plaintiff's evidence, most of the appeals from judgments dismissing cases pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure involve a plaintiff's lack of prosecution of the case or failure to effectuate service of process within the required time frame. *See, e.g.*, *Duffy v. Town of West Warwick*, No. 2017-132-Appeal, 2018 WL 6318549, at *3 (R.I. Dec. 4, 2018); *Cotter v. Dias*, 130 A.3d 164, 168 (R.I. 2016); *Lindia v. Nobles*, 760 A.2d 1244, 1245 (R.I. 2000); *Jaramillo v. Cathern & Smith, Inc.*, 701 A.2d 817, 817 (R.I. 1997) (mem.).

Malinou's refusal to comply with such orders clearly delayed the consideration of his issues within each of the probate court appeals.

With respect to Malinou's contention that he is unable to pay the $33,107.33 balance, the Superior Court justice's decision reflects that, when Malinou was first ordered to deposit the money into the registry of the court, he represented to the court that he had the money. Eventually, he claimed that he did not have the money, but he did not tell the court that he was unable to pay this sum at all. After two years of regular hearing dates but no compliance from Malinou with the Superior Court's orders to deposit the remaining $33,107.33 into the registry of the court, even after the Superior Court had held him in contempt, the decision to grant defendants' motion to dismiss Malinou's appeal was amply justified. *See Nye*, 102 A.3d at 630.

The defendants request that this Court impose sanctions on Malinou pursuant to Rule 11 of the Superior Court Rules of Civil Procedure for what they consider his frivolous appeal and his deliberate efforts to delay the administration of the D'Amore sisters' estates. We are concerned that Malinou's representations to the probate courts, the Superior Court, and our Court may not have all been as forthcoming as our rules of procedure require. We therefore remand this case to the Superior Court to allow the defendants an opportunity to file a motion for sanctions, if they so choose.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court and remand the record of this case to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Martin Malinou v. Barbara Neri, Individually and as Permanent Co-Guardian of Ida D'Amore, et al. |
| **Case Number** | No. 2017-5-Appeal. (PP 14-4885) |
| **Date Opinion Filed** | December 20, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Martin Malinou, Pro Se |
| | For Defendants:<br><br>Frank S. Lombardi, Esq. |