June 3, 2019

Gary M. Morse            :

             v.          :

Michael R. Minardi, in his capacity as the     :
 Town of Barrington Tax Assessor, et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Gary M. Morse                    :

v.                               :

Michael R. Minardi, in his capacity as the   :
 Town of Barrington Tax Assessor, et al.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  In these actions challenging the assessment of alleged illegal taxes, the plaintiff, Gary M. Morse (Morse), appeals *pro se* from judgments entered in favor of the defendants, various officials of the Town of Barrington, Rhode Island (Barrington); Sweetbriar, LP (Sweetbriar); and East Bay Community Development Corporation (East Bay) (collectively defendants).  This matter came before the Court on May 1, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  After considering the arguments set forth in the parties' memoranda and at oral argument, we are convinced that cause has not been shown.  Thus, further argument or briefing is not required to decide this matter.  For the reasons outlined below, we affirm the judgment of the Superior Court in the declaratory judgment action and deny and dismiss the appeal in the tax appeal action.

# I

## Facts and Travel

These appeals involve the real estate taxes on several properties and property owners. Morse is the owner of property located at 2 Westwood Lane in Barrington. Sweetbriar is the owner of a low and moderate income housing development, which is located on Washington Road and Bay Spring Avenue in Barrington (the Sweetbriar development).[1] East Bay is currently the owner of the Palmer Pointe housing project, located at Sowams Road in Barrington (the Palmer Pointe project).

This controversy's roots formed in August 2003, when East Bay applied to the Barrington Zoning Board of Review (the board) for a comprehensive permit to develop fifty units of low or moderate income housing in Barrington. *East Bay Community Development Corporation v. Zoning Board of Review of Town of Barrington*, 901 A.2d 1136, 1141 (R.I. 2006). East Bay's application went before the board, which denied the application in May 2004, reasoning, *inter alia*, that the project did not conform to Barrington's comprehensive plan. *Id.* at 1141-42. East Bay appealed the board's decision to the State Housing Appeals Board (SHAB) pursuant to G.L. 1956 § 45-53-5. *Id.* at 1143. The SHAB reversed the board's decision because it "was not consistent with local needs and did not weigh the state's need for low and moderate income housing against some of the other concerns that were raised in opposition to the proposal." *Id.* Barrington appealed to this Court, and we affirmed SHAB's decision. *Id.* at 1140-41.

On December 2, 2008, after final plan approval for the Sweetbriar development was granted, the Barrington town council granted Sweetbriar a tax of 8 percent of gross rental income,

---

[1] East Bay, which had developed the Sweetbriar development that is involved in the present controversy, later sold that development to Sweetbriar.

pursuant to G.L. 1956 §§ 44-5-12(a)[2] and 44-5-13.11.[3] Subsequently, East Bay filed an application with Barrington in March 2013 to develop another low and moderate income housing development in Barrington, known as Palmer Pointe. In August 2013, Barrington granted comprehensive permits for the Palmer Pointe project.

However, Morse was unhappy with the tax assessments that the Sweetbriar development had received; he was also concerned that Barrington was considering applying the same assessment formula to the Palmer Pointe project. Arguing that the Barrington tax assessor had overtaxed his property for the 2012 tax year, as a result of under taxing the Sweetbriar development, on September 4, 2013, Morse filed an appeal to the Barrington tax assessor, pursuant to § 44-5-26. The Barrington tax assessor denied Morse's tax appeal on October 19, 2013. Morse

---

[2] General Laws 1956 § 44-5-12 states, in pertinent part:

> "(a) All real property subject to taxation shall be assessed at its full and fair cash value, or at a uniform percentage of its value, not to exceed one hundred percent (100%), to be determined by the assessors in each town or city; provided, that:
> > "(1) Any residential property encumbered by a covenant recorded in the land records in favor of a governmental unit or Rhode Island housing and mortgage finance corporation restricting either or both the rents that may be charged or the incomes of the occupants shall be assessed and taxed in accordance with § 44-5-13.11 * * *."

[3] Section 44-5-13.11 provides:

> "Any residential property that has been issued an occupancy permit on or after January 1, 1995, after substantial rehabilitation as defined by the U.S. Department of Housing and Urban Development and is encumbered by a covenant recorded in the land records in favor of a governmental unit or Rhode Island housing and mortgage finance corporation restricting either or both the rents that may be charged to tenants of the property or the incomes of the occupants of the property, is subject to a tax that equals eight percent (8%) of the property's previous years' gross scheduled rental income or a lesser percentage as determined by each municipality."

- 3 -

then appealed that denial to the Barrington Tax Board of Review. On February 26, 2014, the Barrington Tax Board of Review denied Morse's appeal; the denial was recorded on March 20, 2014. Subsequently, on April 18, 2014, Morse timely filed a complaint in the Superior Court appealing his assessment pursuant to §§ 44-5-26 and 44-5-27 (the tax appeal action). On the same day, Morse filed a separate declaratory-judgment action in the Superior Court (the declaratory-judgment action) against the same defendants as in the tax appeal action in addition to East Bay, as developer of the Palmer Pointe project.

Morse filed amended complaints in each action on June 20, 2014. In Morse's amended complaint for the tax appeal action, he asserted that Barrington had unlawfully taxed the Sweetbriar development at the lower 8 percent of gross rental income rate under § 44-5-13.11 instead of the tax rate for the total valuation of the property. Morse asserted that Sweetbriar was not entitled to the lower tax rate because the property had not undergone "substantial rehabilitation" as required by § 44-5-13.11. He argued that this was so because the Sweetbriar development was a newly-constructed complex, and § 44-5-13.11, he contended, applied only to preexisting buildings. Morse also alleged that the "unlawful" lower tax rate for the Sweetbriar development resulted in his paying proportionally higher taxes on his property, in order to sustain Barrington's budget. Morse claimed that the tax on the Sweetbriar development violated the Rhode Island Constitution. In conclusion, he asked the Superior Court to set aside the allegedly disproportionate tax increase that had been imposed on his property.

In Morse's amended complaint in the declaratory-judgment action, he sought a declaration that Barrington's interpretation of §§ 44-5-12(a) and 44-5-13.11 violated the "fair and equal distribution of burdens" clause under article 1, section 2 of the Rhode Island Constitution. He also sought a declaration that the lower tax rate for the Sweetbriar development exceeded Barrington's

authority under article 13, section 5 of the Rhode Island Constitution.  Finally, Morse requested that the Superior Court set aside the higher tax levy on his property and enjoin Barrington from assessing the Sweetbriar development at the modified rate.

The hearing justice consolidated the two actions for hearing; and, on July 30, 2015, the parties submitted stipulated facts and exhibits to the Superior Court.  Subsequently, the parties submitted memoranda addressing the issue of standing and their respective interpretations of §§ 44-5-12 and 44-5-13.11.  In their joint memorandum, defendants contended that both the tax appeal action and the declaratory-judgment action should be dismissed primarily because Morse lacked standing to bring either claim.

A hearing was held on January 29, 2016.  At that hearing, Morse explained that he had filed the two Superior Court actions because he believed that he might have an easier time meeting the standing requirements on public policy grounds with the declaratory-judgment action than with the tax appeal action.  Morse averred, however, that under § 44-5-26 he had standing to pursue his tax appeal as a "person aggrieved * * * by [an] assessment of taxes[.]"  He then argued that the issue before the Superior Court had sufficiently high public importance for him to pursue the declaratory-judgment action, even if he had not suffered a particularized injury.

Sweetbriar and East Bay responded that the political arena provided the proper recourse for Morse to voice his opposition to the Sweetbriar development and the Palmer Pointe project.  They maintained that Morse did not have standing and that the matter was not of such significant public interest as to warrant the court's relaxing the standing requirements.  They also averred that

Morse's interpretation of § 44-5-13.11 was erroneous and that the statute applies to both new construction and preexisting low and moderate income housing.[4]

Barrington added that § 44-5-12(a) specifically allows residential properties encumbered by a low-to-moderate-income restriction to be taxed in accordance with the provisions of § 44-5-13.11. However, Barrington firmly agreed with Sweetbriar and East Bay that Morse did not have standing to pursue his claims.

On December 18, 2017, the hearing justice issued a bench decision in which he addressed the issue of standing only. He noted that, for a taxpayer to have standing, he or she must have a personal stake in the controversy beyond that of the public at large. The hearing justice found that Morse's alleged increased tax burden was the same injury that any other Barrington taxpayer could claim and, thus, he had no particularized injury. Therefore, the hearing justice ruled that Morse lacked standing to bring either action. He also found that the matter was not of such great public importance for the court to overlook the traditional standing requirements. Without addressing the merits of either action, the hearing justice dismissed Morse's claims.

On December 20, 2017, orders entered in both cases dismissing plaintiff's claims; final judgment entered in favor of defendants in both actions on that same day. Morse filed a timely notice of appeal in the declaratory-judgment action on January 8, 2018. However, he filed an untimely notice of appeal in the tax appeal action on July 12, 2018.

---

[4] Thirteen years earlier, the board had requested and received an opinion letter from the Rhode Island Housing Authority (RIHA) on the application of §§ 44-5-12 and 44-5-13.11 to newly-constructed low and moderate income housing. In that letter, which is dated November 18, 2003, RIHA opined that it interpreted §§ 44-5-12 and 44-5-13.11 to apply to newly-constructed buildings in addition to preexisting buildings.

## II

## Standard of Review

"This case was tried upon a set of stipulated facts. Review of the trial justice's decision in these cases is narrowly defined." *Hudson v. GEICO Insurance Agency, Inc.*, 161 A.3d 1150, 1153 (R.I. 2017) (quoting *Delbonis Sand & Gravel Co. v. Town of Richmond*, 909 A.2d 922, 925 (R.I. 2006)). "The trial court does not play a fact-finding role, but is limited to applying the law to the agreed-upon facts." *Id.* (brackets omitted) (quoting *Delbonis Sand & Gravel Co.*, 909 A.2d at 925). "Questions of law and statutory interpretation are reviewed *de novo* by this Court." *Id.* (brackets omitted) (quoting *Hagenberg v. Avedisian*, 879 A.2d 436, 441 (R.I. 2005)).

We have stated that "[t]he issue of whether plaintiff had standing to bring [his] appeal is a mixed question of law and fact." *Cummings v. Shorey*, 761 A.2d 680, 684 (R.I. 2000). "A [hearing] justice's findings on mixed questions of law and fact are generally entitled to the same deference as the justice's findings of fact." *Id.* (quoting *Palazollo v. State*, 746 A.2d 707, 711 (R.I. 2000)). "But, when those mixed questions of law and fact impact constitutional matters, we shall review the findings *de novo* * * *." *Id.* (quoting *Palazollo*, 746 A.2d at 711).

## III

## Discussion

On appeal, Morse contends that he has standing in both cases because he has been forced to pay a higher amount on his taxes because of Sweetbriar's favorable tax treatment under §§ 44-5-12 and 44-5-13.11. He also argues that the hearing justice erred in declining to address the merits of his claims. However, as an initial matter, we hold that the declaratory-judgment action did not set forth a cognizable claim. During this term, in *Bluedog Capital Partners, LLC v. Murphy*, No. 2017-138-Appeal, 2019 WL 1962075 (R.I. May 1, 2019), we stated "that the taxing

statutes provide the *exclusive relief* to any person aggrieved by any assessment of taxes against him by any city or town." *Bluedog Capital Partners, LLC*, 2019 WL 1962075, at *4 (emphasis added) (quoting *Lehigh Cement Co. v. Quinn*, 173 A.3d 1272, 1278 (R.I. 2017)). Under this rule, a person challenging an assessment of taxes may not maintain a cause of action for declaratory relief. *See id.* at *5. Thus, Morse was confined to bringing a tax appeal action under the provisions of §§ 44-5-26 and 44-5-27. Accordingly, we affirm the judgment of the Superior Court in the declaratory-judgment action.[5]

Turning now to the tax appeal action, we note that Morse filed a notice of appeal from the judgment in that case on July 12, 2018, well after the twenty-day deadline set forth in Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure.[6] *See Malinou v. Seattle Savings Bank*, 970 A.2d 6, 10 (R.I. 2009) ("In accordance with Article I, Rule 4(a) * * * a notice of appeal must be filed 'within twenty (20) days of the date of the entry of the judgment.'"). When Morse filed a timely notice of appeal from the judgment in the declaratory-judgment action on January 8, 2018, he listed the case numbers for both the tax appeal action and the declaratory-judgment action on the notice and he requested the transcript in the tax appeal action at that time. However, those endeavors do not negate the fact that his notice of appeal in the tax appeal action was not timely

---

[5] "In so doing, we follow 'our precedent of affirming the orders and judgments of a trial court when there are other valid reasons to support the order or judgment appealed from.'" *Summit Insurance Company v. Stricklett*, 199 A.3d 523, 524 n.1 (R.I. 2019) (brackets and deletion omitted) (quoting *McGovern v. Bank of America, N.A.*, 91 A.3d 853, 861 (R.I. 2014)).

[6] Although Barrington seemed to concede at oral argument that the appeal was properly before this Court, we have consistently stated that "[o]ur appellate jurisdiction may not properly be invoked when an appeal is filed more than twenty days subsequent to the entry of the judgment of which review is being sought." *Iozzi v. City of Cranston*, 52 A.3d 585, 588 (R.I. 2012) (quoting *Wachovia Bank v. Hershberger*, 911 A.2d 278, 280 (R.I. 2006) (mem.)). Thus, because "[t]he filing of a timely notice of appeal is the 'sole *sine qua non* of the taking of the appeal[,]'" *Pawtucket Redevelopment Agency v. Brown*, 106 A.3d 893, 900 (R.I. 2014) (quoting *State v. Hallenbeck*, 878 A.2d 992, 1020 (R.I. 2005)), Barrington could not confer jurisdiction on this Court to hear the appeal where none existed.

filed. "It is well settled that causes of action may be consolidated for judicial economy when the actions involve common law and facts, but that the consolidated matter does not merge into a single cause of action." *Malinou v. Neri*, 197 A.3d 1282, 1286 (R.I. 2018). "Instead, the causes of action 'remain distinct throughout trial and in the event of an appeal, a notice of appeal must be filed for each action.'" *Id.* (quoting *In re Estate of Ross*, 131 A.3d 158, 159 n.2 (R.I. 2016)). Therefore, that appeal is not properly before this Court.

Nevertheless, even if we assume, *arguendo*, that Morse had timely filed an appeal in the tax appeal action, his claim would still fail for want of standing. This Court has held that "[a]t its core, inquiries into standing consider whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to ensure concrete adverseness that sharpens the presentation of the issues." *Warfel v. Town of New Shoreham*, 178 A.3d 988, 991 (R.I. 2018) (deletions omitted) (quoting *1112 Charles, L.P. v. Fornel Entertainment, Inc.*, 159 A.3d 619, 625 (R.I. 2017)). "The party asserting standing must have an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (deletions omitted) (quoting *1112 Charles, L.P.*, 159 A.3d at 625). "We have also held that a taxpayer has standing if the individual has a 'personal stake beyond that shared by all other members of the public at large or the taxpayers of the town.'" *Cummings*, 761 A.2d at 684 (quoting *West Warwick School Committee v. Souliere*, 626 A.2d 1280, 1284 (R.I. 1993)).

In this case, Morse has not shown that he has a "personal stake beyond that shared by all other members of the public at large or the taxpayers of the town." *Cummings*, 761 A.2d at 684 (quoting *West Warwick School Committee*, 626 A.2d at 1284). Morse is not challenging his own taxes; instead, he argues that an illegal application of §§ 44-5-12 and 44-5-13.11 in favor of Sweetbriar has led to an increase in the taxes levied on his own real property. Any way that Morse

- 9 -

may try to frame the issue, he does not bear this burden alone. While his proportion of the alleged increased taxes may have been higher because of the assessed value of his property, all taxpayers of Barrington necessarily bear some share of the effect of the decrease in Sweetbriar's tax burden. Accordingly, it does not appear that the hearing justice erred in determining that Morse lacked standing to challenge Barrington's application of §§ 44-5-12 and 44-5-13.11 to the Sweetbriar development and the Palmer Pointe project.[7]

## IV

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court in the declaratory-judgment action and deny and dismiss the appeal in the tax appeal action. We remand the papers to the Superior Court.

---

[7] We have stated that "on *rare* occasions this Court has overlooked the standing requirement to determine the merits of a case of substantial public interest." *Warfel v. Town of New Shoreham*, 178 A.3d 988, 991-92 (R.I. 2018) (brackets omitted) (emphasis in original) (quoting *Burns v. Sundlun*, 617 A.2d 114, 116 (R.I. 1992)). Nonetheless, because Morse has failed to raise that argument on appeal, we deem the issue waived.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Gary M. Morse v Michael R. Minardi, in his capacity as the Town of Barrington Tax Assessor, et al. |
| **Case Number** | No. 2018-121-Appeal. (PC 14-1949)<br><br>No. 2018-211-Appeal. (PM 14-1950) |
| **Date Opinion Filed** | June 3, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indelgia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Luis M. Matos |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Gary M. Morse, Pro Se |
| | For Defendants:<br><br>Anthony De Sisto, Esq.<br>Amy H. Goins, Esq.<br>Michael A. Ursillo, Esq.<br>Peter F. Skwirz, Esq. |